(No. 37292.—

The People of the State of Illinois, Defendant in Error, *vs.* Roney R. Nunes, Plaintiff in Error.

*Opinion filed January 22, 1964.*

Clarold L. Britton, of Chicago, appointed by the court, for plaintiff in error.

William G. Clark, Attorney General, of Springfield, and Bruno W. Stanczak, State's Attorney, of Waukegan, (Fred G. Leach and E. Michael O'Brien, Assistant Attorneys General, and Jack Hoogasian, Assistant State's Attorney, of counsel,) for the People.

Mr. Justice Underwood delivered the opinion of the court:

The defendant, Roney Nunes, was tried by jury in the circuit court of Lake County and convicted of the crime of

taking indecent liberties with a 12-year-old girl. He was sentenced to the penitentiary for a term of not less than 4 nor more than 12 years. We have issued a writ of error to review the judgment of conviction.

The defendant contends that the evidence was insufficient to establish his guilt beyond a reasonable doubt. Mary Lee Hill testified that on Sunday, April 3, 1954, she and Frances Kelly, another 12-year-old girl, went to the office of the Veterans Cab Company where the defendant was working as a dispatcher. After some conversation between the two girls and the defendant, the defendant asked Mary Lee to take off her sweater because it was warm in the office. She told the defendant she was not warm and did not remove her sweater. The defendant then asked her to sit on his lap and, after first refusing, she did so when Frances told her to go ahead. The defendant put his arm around her, kissed her, and fondled her, and induced her to touch his private parts. The defendant asked her to go in the other room with him, but she told him she could not, because of her menstrual period. Frances Kelly was in the same room with the defendant and Mary Lee at the time these acts took place. She testified that she was sure that these events occurred on April 3. On cross-examination the witness testified that she and Frances Kelly went downtown looking for the cab office. The office was on the second floor and the defendant called out of the window and told the girls to go around to the back of the building and come up the stairs. She and Frances were in the office for about 4 hours except for a short time after the alleged indecent acts, when they went to a drug store and returned with coffee for the defendant and soda for themselves. During the time they were in the office the defendant was busy answering the phone and talking to cab drivers on the radio. He also talked to a girl and a cab driver who came up to the office, and talked through the window to cab drivers on the street. The defendant was seated at his desk during all

the time the girls were in the office. Mary Lee testified that she had never been in the cab office before the day in question and that she never went back there. She did not tell her mother about these incidents until a week or two later. The defendant was indicted for the offense in July, and Mary Lee testified that in August, with her mother's consent, she worked as a baby sitter in the defendant's home while the defendant's wife was out of town.

Frances Kelly testified that she could not remember the exact date of the alleged offense but remembered that it was a Sunday in April. She testified that she saw Mary Lee sit on the defendant's lap and saw him kiss Mary Lee and perform some of the other acts to which we have referred. On cross-examination she testified that the defendant was busy answering the telephone and dispatching cabs over the radio. The defendant remained seated at the desk in the cab office during the time the girls were there. The desk was near a large front window and people on the street in front of the office could look up and see the defendant. Frances did not tell her mother about the events in the cab office until about a week later. After she told her mother she also worked as a baby sitter for the defendant. She testified that she and Mary Lee had been in the cab office together two or three times.

For the defendant, one Nick Perusky testified that at the time in question he was the owner of the cab company. The defendant was his brother-in-law and he occasionally employed the defendant as a dispatcher on a part-time basis. After referring to a record which had been kept in compliance with regulations of the Federal Communications Commission, Perusky testified that April 3 was a Saturday. According to the record the defendant had not worked at the cab office on either April 3 or April 4 and the last time prior to April 3 that the defendant worked in the office was on March 24.

The defendant testified that on Saturday, April 3, he

went to work as a bus driver at about 4:15 P.M. and did not work in the cab office at any time during that day. On Sunday, April 4, he also worked for the bus company and was not in the cab office. He testified that neither Mary Lee Hill nor Frances Kelly had ever been in the cab office while he was there.

It is axiomatic that a charge of indecent liberties is an accusation easily made, hard to be proved, and harder to be defended by the party accused. (*People* v. *Hinton,* 14 Ill.2d 424.) In such cases reviewing courts are especially charged with the duty of carefully examining the evidence, and while due weight must be given to the judgment of the jury as to the credibility of the witnesses, it is our duty to reverse the judgment if the evidence is not sufficient to remove all reasonable doubt of the defendant's guilt and create an abiding conviction that he is guilty of the crime charged. In our opinion the testimony of the two girls was not sufficient to remove all reasonable doubt as to the defendant's guilt. The testimony of the complaining witness as to the date of the occurrence was obviously incorrect, since both girls testified that the incidents occurred on a Sunday, and April 3, the date alleged in the indictment and the date referred to by the complaining witness, fell on a Saturday. The testimony of the complaining witness that she had never been in the cab office before or after the occurrence was contradicted by the testimony of her friend that both girls had been there several times. The testimony of both the complaining witness and her friend that they did not tell their parents about these incidents until more than a week later in itself tends to create some doubt as to whether these events occurred. Even more significant is the fact that after these supposed indecent acts by the defendant, and after these acts had been reported to the parents of the girls, the parents permitted the girls to work as baby sitters in the defendant's home while the defendant's wife was out of town. According to the testimony of the com-

plaining witness she worked as a baby sitter for the defendant for several days, even after the indictment had been returned against him. The alleged indecent acts were supposed to have taken place in a busy cab office where the defendant was constantly answering the telephone, talking to other people, and dispatching cabs on the radio, and supposedly occurred while the defendant was seated at a desk in front of a large window in the office. The combination of all of these circumstances is sufficient to create a reasonable doubt as to whether the defendant was guilty of the crime alleged in the indictment. It cannot be said in the face of the contradictions and the improbabilities in the testimony of the two girls that the evidence creates an abiding conviction of the defendant's guilt.

It does not appear that any additional evidence could be produced on a new trial, and therefore the cause will not be remanded. The judgment of the circuit court of Lake County is reversed.

*Judgment reversed.*