THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
JOHN KRISON, Defendant-Appellant.

Fifth District   No. 77-96

Opinion filed August 8, 1978.

Michael J. Rosborough and Michael Yovovich, both of State Appellate Defender's Office, of Mt. Vernon, for appellant.

Nicholas G. Byron, State's Attorney, of Edwardsville (Bruce D. Irish and Ann E. Singleton, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. PRESIDING JUSTICE EBERSPACHER delivered the opinion of the court:

Defendant, John Krison, was charged by information filed in the circuit court of Madison County with two counts of indecent liberties with a child in violation of section 11—4(a)(3) of the Criminal Code of 1961 (Ill. Rev. Stat. 1976, ch. 38, par. 11—4(a)(3)). Following a bench trial, he was found guilty as charged and was sentenced to two concurrent terms of 20 to 30 years imprisonment. Defendant appeals and presents the following issues for review: (1) whether he was proved guilty beyond a reasonable doubt; (2) whether error was committed by the admission in evidence of certain photographs; (3) whether a waiver by defendant of his right to a preliminary hearing is adequately reflected in the record; and (4) whether the sentences imposed are excessive.

At trial, Police Sergeant Eldon McEuen testified that on October 27, 1976, he arrested defendant on the instant charges at defendant's place of employment. Defendant asked McEuen if he could go to the washroom. McEuen agreed but first demanded to search defendant. Before he could do so, defendant entered the washroom and shut the door. McEuen soon thereafter opened the door and observed defendant placing a piece of paper in an opening in the wall. The paper was retrieved but turned out to be innocuous. Subsequently, a search under warrant was conducted of defendant's home. Among the items found were: People's exhibit 2 consisting of 17 photographs of the 11-year-old complainants, Pam and Annette, wearing casual clothes and bathing suits, some of which also included a third child, Tammy, and defendant's nine-year-old son; People's exhibit 4 consisting of 45 photographs of several nude adults, including defendant and his wife, in various sexual poses; and People's exhibit 5 and 6, consisting of a movie projector and screen. With the consent of defendant's employer, a search was also conducted of the previously mentioned washroom wherein the police found People's exhibit 7 consisting of six photographs which depicted defendant and Tammy in various sexual poses. Of the above-stated exhibits, during trial People's exhibit 2 was admitted in evidence without objection and all the other exhibits were admitted over defendant's objection with the exception of certain of the photographs in exhibit 4 which were withdrawn by the State.

Complainant Pam testified that she lived approximately one block from

defendant's home and that during September and October of 1976, she and her friend, complainant Annette, frequently visited defendant's home. She stated that on three occasions during the end of September and beginning of October, defendant showed her and Annette movies in his bedroom. The movies were "generally about sex." Pam stated that during the last of these movies, defendant "stuck his penis out at the movie projector into the light" causing its reflection on the screen. She also stated that two or three weeks before she first talked with the police about this matter, defendant grabbed her on her breast while she was watching television with Annette and defendant's son. Officer McEuen later testified that he had first spoken with Pam on October 25, 1976. Pam further testified that during this period defendant "asked us to play with his penis, but—for a couple of weeks we said, no, and then we finally said, yes." She stated that she and Annette "played with his penis" for which they were paid a dollar. He also asked them to "kiss it" but they refused.

Pam identified exhibits 5 and 6 as the projector and screen which defendant used to show them the movies. Exhibit 2 was identified by her as photographs defendant had taken of her, Annette, Tammy and defendant's son. Pam identified certain of the photos in exhibit 4 as those defendant had shown to her during the period in issue. Exhibit 7 was identified as Polaroid prints which Pam and Annette had taken of defendant and Tammy.

Annette next was called as a witness and she testified substantially the same as had Pam. The parties then stipulated that defendant was born during 1915.

Defendant presented no evidence.

As previously stated, defendant was convicted of two counts of having violated section 11—4(a)(3) (Ill. Rev. Stat. 1975, ch. 38, par. 11—4(a)(3)) which prohibits: "[a]ny lewd fondling or touching of either the child or the person done or submitted to with the intent to arouse or to satisfy the sexual desires of either the child or the person or both." Specifically he stands convicted based on the testimony of Pam that "[w]e played with his penis", and of Annette that "we touched his penis for a dollar." Defendant first contends that he was not proven guilty beyond a reasonable doubt and he argues that the testimony of Pam and Annette is neither clear and convincing nor is it otherwise corroborated as required to sustain such convictions. (See *People v. McGrath*, 28 Ill. 2d 132, 190 N.E.2d 746.) Mindful of our duty to carefully review the evidence in cases involving indecent liberties with a child (*People v. Nunes*, 30 Ill. 2d 143, 195 N.E.2d 706), we find from the record ample evidence to sustain defendant's convictions.

No objection was raised by defendant to the competency of either child to testify. In support of his argument, defendant points to certain discrepancies in the witnesses' testimony, the lack of evidence of prompt

complaint, and the apparent reluctance of the children, particularly Annette, to testify. None of these matters, however, justify a reversal.

■■■ The discrepancies in the witnesses' testimony all involved matters collateral to the essential elements of the crime. The fact that there were such minor discrepancies does not destroy the credibility of the witnesses but goes only to the weight to be afforded by the trier of fact to their testimony. (*People v. Watts*, 19 Ill. App. 3d 733, 312 N.E.2d 672.) Nor can we attach much significance to the lack of prompt complaint under the circumstances. It must be remembered that the purpose of section 11—4 of the Criminal Code is to protect immature children from being deliberately victimized by adults. (*People v. Bolyard*, 23 Ill. App. 3d 497, 319 N.E.2d 265, *rev'd in part on other grounds*, 61 Ill. 2d 583, 338 N.E.2d 168.) The evidence shows that the children were not unwilling participants in the sexual victimization directed against them. The natural guilt, shame, fear and embarrassment arising therefrom explains any reluctance the children felt before stepping forward to speak. So too, such makes any reluctance of the children to speak at the witness stand equally understandable.

■■ The witnesses consistently and unwaveringly maintained that defendant committed the acts charged. We find their testimony to be clear and convincing. Moreover, the evidence showing the nature and pattern of sexual misconduct in defendant's relationship to the children lends strong support to their testimony about the acts charged. Consequently, we find no basis to disturb the determination of the court of defendant's guilt.

Next, defendant contends that the court erred in admitting in evidence the lewd photographs in exhibits 4 and 7. As stated, those photographs admitted from exhibit 4 were those which Pam testified defendant had shown to her. The photographs in exhibit 7 were those which were taken by, or in the presence of, Pam and Annette. Defendant relies on the general rule that evidence of criminal acts of misconduct by a defendant, unrelated to the charge, are inadmissible. *People v. Romero*, 66 Ill. 2d 325, 362 N.E.2d 288; *People v. Lehman*, 5 Ill. 2d 337, 125 N.E.2d 506.

■■■ A recognized exception to this rule, however, exists in cases involving indecent liberties with a child in that evidence of separate offenses with the same child is admissible to show the relationship of the parties and of the intent with which the charged act was done. (*People v. Richardson*, 17 Ill. 2d 253, 161 N.E.2d 268; *People v. Kerney*, 413 Ill. 404, 108 N.E.2d 779.) We find that both exhibits fall well within this exception. These photographs were independently relevant to show a pattern of sexual misconduct with the complainants by defendant; in the first instance with regard to lewd pictures he had shown to Pam, and in the second, with regard to lewd pictures he permitted the complainants to photograph and to witness. The conduct charged was not an isolated

incident. The trier-of-fact was entitled to view the testimony of the incident within the context of the actual relationship between defendant and the complainants. To hold otherwise would place an unfair strain upon the credibility of the complainants' testimony concerning the charged offense. Further, the probative value of such evidence far outweighs any prejudicial effect.

Defendant next contends that the record does not adequately reflect a waiver by him of his right to a preliminary hearing.

The record shows a standard form designated "People of the State of Illinois vs John Krison" "Case No. 76WDF61 76WCF62." The form is titled "WAIVER OF RIGHT TO PRELIMINARY HEARING" and it contains a statement relating the purpose of a preliminary hearing and it lists various rights of criminal defendants. The form also contains a waiver clause and it is dated, November 12, 1976, and bears defendant's signature. The record also shows certain notations written by the trial court: one designated 76WCF61, and the other, 76WCF62. Each bears a note stating "11-12-76 P. H. waived."

■■ Defendant contends that the above record indications of waiver are insufficient to demonstrate a proper waiver by him of his right to a preliminary hearing. He argues that a procedure comparable to that of Supreme Court Rule 401 (Ill. Rev. Stat. 1977, ch. 110A, par. 401), governing waiver of indictment, must be followed for a valid waiver of a preliminary hearing. This conclusion, he argues, logically follows because the right to a preliminary hearing has recently taken on the same significance as the right to an indictment. Although this issue was not presented in the court below, and is therefore waived, we elect nonetheless to pass upon it.

Article 1, section 7, of the Illinois Constitution of 1970 preserved the use of an indictment by a grand jury in felony prosecutions but also authorized the General Assembly to "abolish the grand jury or further limit its use." This section additionally provided to insure that in all prosecutions, the existence of probable cause will be promptly determined, whether by a judge or by a grand jury. See *People v. Kent*, 54 Ill. 2d 161, 295 N.E.2d 710. See also Comment, *Seeking a Rational Determination of Probable Cause*, 24 DePaul L. Rev. 559 (1975).

Although empowered to change the use of the grand jury as it so chose, prior to 1975 the General Assembly did not do so. Section 111—2(a) of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1973, ch. 38, par. 111—2(a)) provided that: "All prosecutions * * * shall be by indictment unless waived understandingly by the accused in open court * * *." This right to an indictment could only be validly waived pursuant to the procedure set forth in Supreme Court Rule 401(b), which then stated, as it still does presently, that:

"Any waiver of indictment shall be in open court. The court shall not permit a waiver of indictment by a person accused of a crime punishable by imprisonment in the penitentiary unless he is represented by counsel or has waived counsel * * * and unless the court, by addressing the defendant personally in open court, has informed him of and determined that he understand the following:
(1) the nature of the charge;
(2) the minimum and maximum sentence prescribed by law, including, when applicable, the penalty to which the defendant may be subjected because of prior convictions or consecutive sentences; and
(3) that he can be prosecuted for the offense only after indictment by a grand jury unless he waives indictment.
Prosecution may proceed by information or complaint after waiver of indictment * * *." (Ill. Rev. Stat. 1977, ch. 110A, par. 401(b).)

Subsection (c) of the rule further required that a verbatim transcript of this proceeding was to be made and filed as part of the record.

In 1975 the General Assembly changed the use of the grand jury indictment making it merely an alternative mode to an information and preliminary hearing in the charging process of felony cases. Section 111—2(a) of the Code of Criminal Procedure was amended, effective October 1, 1975, to provide in part that: "All prosecutions of felonies shall be by information or by indictment." The consequence of this provision was to displace a defendant's right to a grand jury indictment and concomitantly to enhance the functional value of the right to a preliminary hearing or a waiver thereof. As further stated in the provision: "No prosecution may be pursued by information unless a preliminary hearing has been held or waived * * *." However, no statute or court rule provides a formal procedure to effect a waiver of a preliminary hearing as Rule 401 does with regard to a waiver of indictment.

In the instant case, addressing himself to the changes brought about by the amendment to section 111—2(a) and the lack of a specific court rule governing waiver of a preliminary hearing, defendant urges this court to modify Rule 401 as may be necessary to comport to section 111—2(a) and then to apply the new rule so fashioned to the instant case. This we cannot do.

Despite whatever defects may arguably have been born in Rule 401 due to the changed current of our legal system and despite whatever virtue may arguably be had in a prescribed formal procedure for obtaining a waiver of a preliminary hearing, this court clearly lacks the authority, in any event, to adopt new rules or amend the present rules of our supreme court. Moreover neither the fundamental principles of due

process nor our state constitution requires that a particular procedure be employed for a valid waiver of a preliminary hearing. Rather, all that is required is that the waiver be understandingly made. (6 Record of Proceedings, Sixth Illinois Constitutional Convention 75.) To this requirement then we must turn our attention.

■■ In arguing that the record before us does not reflect an understanding waiver, defendant relies on the premise that a verbatim transcript of the waiver proceeding is required (as it would have been if Rule 401(c) were to have been applicable). Such a transcript apparently was not made in the instant case. However, no statute, rule or case law requires such a transcript to have been made. Thus defendant's premise must be rejected. Further, the record before us is not silent as to waiver, but rather shows a signed waiver form and notations signed by a judge indicating that defendant had, in fact, waived a preliminary hearing as to each count of the information. We find no reason or justification for the presumption that these waivers were not understandingly made. *Cf. People v. Murrell*, 60 Ill. 2d 287, 326 N.E.2d 762.

Lastly, defendant contends that the sentences imposed herein are excessive in view of his age of 62, his prior nine years as a productive member of society, and other similar circumstances. These factors were all given due consideration by the trial court.

■■■ The trial court is normally in the best position to determine a sentence based on the circumstances of the particular case. (*People v. Perruquet*, 68 Ill. 2d 149, 368 N.E.2d 882.) And where the sentence imposed is within statutory limits and is not greatly at variance with the spirit and purpose of our constitution, it will not be disturbed by a reviewing court. (*People v. McCullough*, 45 Ill. 2d 305, 259 N.E.2d 19.) The lower court herein found the overriding aggravating factor to be defendant's lack of rehabilitative potential as reflected in his long prior history of criminal misconduct including sex offenses involving children. As stated by the court: "There has been little change in the Defendant's behavior * * * since 1939 * * *. The Defendant's inclination to deviant sexual behavior apparently has not been corrected, controlled, or changed by treatment, by incarceration, or in any other way." In placing weight on defendant's prior criminal record, the court acted properly and we find no abuse of discretion in this matter.

For the foregoing reasons, the judgment and sentences entered by the circuit court of Madison County are affirmed.

Affirmed.

G. J. MORAN and KARNS, JJ., concur.