THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. FRANK BRADLEY, Defendant-Appellant.

Fourth District   No. 4—84—0019

Opinion filed October 16, 1984.

Fellheimer, Fellheimer, O'Dell & Travers, Ltd., of Pontiac (Carey J. Luckman, of counsel), for appellant.

Donald D. Bernardi, State's Attorney, of Pontiac (Robert J. Biderman and Michael Blazicek, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

JUSTICE TRAPP delivered the opinion of the court:

Following a jury trial, defendant Frank Bradley was convicted of indecent liberties with a child and sentenced to four years' imprisonment. On direct appeal, this court affirmed the conviction. The only claim asserted by Bradley in that appeal was that he should be granted a new sentencing hearing because the trial court had failed to consider the alternative of periodic imprisonment. (*People v. Bradley* (1983), 113 Ill. App. 3d 1172 (Rule 23 order).) Leave to appeal was thereafter denied in the Illinois Supreme Court.

Bradley then filed a petition for relief under the Post-Conviction Hearing Act. (Ill. Rev. Stat. 1983, ch. 38, par. 122—1 *et seq.*) The petition alleged that the statute under which he was convicted is unconstitutionally vague; that the trial court lacked jurisdiction because the information charging him is defective; that he was denied a prompt preliminary hearing in violation of the Illinois Constitution; and that his constitutional guaranty against being placed in jeopardy twice for the same offense was violated. Bradley also alleged that the admission of a caseworker's testimony violated his constitutional right against self-incrimination and his right to assistance of counsel; that errors occurring at trial denied him due process of law and deprived him of a fair trial; and that the cumulative effect of the alleged errors deprived him of a fair trial. Bradley further argues that all of the above errors demonstrate that he was denied effective assistance of counsel at trial

and on direct appeal of his conviction.

The circuit court found that Bradley failed to raise any issues of constitutional magnitude and that Bradley waived the alleged errors by failing to object at trial or to raise them on direct appeal. The circuit court also found that neither Bradley's trial counsel nor appellate counsel were incompetent.

In this appeal, Bradley argues that this court should consider all of the issues raised in his petition for post-conviction relief because fundamental fairness requires that the doctrine of waiver not be applied to the substantial violations of his constitutional rights.

■■ ■ A post-conviction proceeding does not afford a defendant yet another opportunity for the determination of guilt or innocence, but provides a new proceeding to redress errors in the conviction which violate substantial constitutional rights. (*People v. Smith* (1977), 56 Ill. App. 3d 569, 371 N.E.2d 921.) The defendant is not entitled to an evidentiary hearing on his petition as a matter of right. (*People v. Ford* (1981), 99 Ill. App. 3d 973, 426 N.E.2d 340.) The petition must make a substantial showing of a violation of a constitutional right. (*People v. Arbuckle* (1969), 42 Ill. 2d 177, 246 N.E.2d 240.) Mere allegations that a trial error has constitutional ramifications does not elevate it to constitutional status. *People v. Roberts* (1979), 75 Ill. 2d 1, 387 N.E.2d 331.

■■ ■ Where an appeal is taken from a conviction, the judgment of the reviewing court is *res judicata* as to all issues decided by the court and all issues which could have been presented are deemed waived. (*People v. Brown* (1972), 52 Ill. 2d 227, 287 N.E.2d 663.) Only where application of the waiver doctrine would be manifestly inconsistent with fundamental fairness will waiver not be invoked in post-conviction proceedings. (*People v. Adams* (1972), 52 Ill. 2d 224, 287 N.E.2d 695; *People v. Hamby* (1965), 32 Ill. 2d 291, 205 N.E.2d 456.) The issue to be determined by this court is whether Bradley's post-conviction petition presents a substantial showing of a denial of constitutional rights, which may not be deemed to have been waived.

■■ ■ Bradley argues that section 11—4(a)(3) of the Criminal Code of 1961, under which he was convicted for committing indecent liberties with his daughter by performing a lewd fondling, is unconstitutionally vague. (Ill. Rev. Stat. 1983, ch. 38, par. 11—4(a)(3).) A statute is unconstitutionally vague when it fails to apprise a person of ordinary intelligence as to what conduct is prohibited. (*People v. Gurell* (1983), 98 Ill. 2d 194, 456 N.E.2d 18.) The constitutionality of section 11—4(a)(3) was upheld in *People v. Polk* (1973), 10 Ill. App. 3d 408, 294 N.E.2d 113. The court in *Polk* held that the statute provides fair

notice of what conduct is proscribed. We agree and therefore find that Bradley's contention is without merit.

Next, Bradley argues that his conviction is void because the information charging him with performing a lewd fondling does not allege the specific acts constituting the offense and thus was not sufficient either to inform him of the charge so he could prepare his defense or to prevent his being subjected to another prosecution for the same offense. We do not agree.

Couched in the language of paragraph 11—4(a)(3), the information charging Bradley with indecent liberties alleged that he:

"[C]ommitted the offense of Indecent Liberties with a Child in that he, a person of the age of seventeen years and upwards performed a lewd fondling on [his daughter], a child under the age of sixteen years, to wit: fourteen years of age, done with the intent to arouse or to satisfy the sexual desires of either [his daughter] or himself *** in violation of Section 11—4(a)(3) of Chapter 38 of the Illinois Revised Statutes."

An indictment which charges an offense in the language of a statute is sufficient when the statute apprises the defendant with reasonable certainty of the offense charged. (*People v. Patrick* (1967), 38 Ill. 2d 255, 230 N.E.2d 843.) An information charging an offense of lewd fondling or touching, worded in substantially the same language as the statute, is sufficient and need not specify the particular acts constituting the crime. *People v. Rogers* (1926), 324 Ill. 224, 154 N.E. 909.

Bradley additionally argues that the information is void because it uses the disjunctive conjunction "or," making it uncertain whether he was charged with committing the act with the intent to satisfy the desires of the victim or the desires of himself. Again, we disagree.

A charge which states the offense in the language of the statute and uses the disjunctive conjunction "or" is not defective where the statute does not provide a number of distinct and alternative acts which may singularly constitute the crime charged. (*People v. Lewis* (1973), 14 Ill. App. 3d 237, 302 N.E.2d 157.) Bradley was charged with but one act—performing a lewd fondling. Use of the disjunctive conjunction "or" in setting apart the differing mental states provided by a statute does not render a charge fatally defective. (*People v. Glass* (1976), 41 Ill. App. 3d 43, 353 N.E.2d 214.) Therefore, the use of "or" does not render the charge uncertain and the indictment charging Bradley is not defective.

Another issue raised by Bradley is that his constitutional

right to a prompt preliminary hearing was violated. The information charging Bradley was filed on November 6, 1981. Bradley's preliminary hearing was scheduled for November 23, 1981. On that date, the State, realizing that it had summoned the wrong caseworker, moved for a continuance. The trial court rescheduled the hearing for December 8, 1981. The hearing took place on that date.

Section 7 of article I of the 1970 Illinois Constitution provides that a defendant who was not charged initially by a grand jury indictment and is held on a criminal charge punishable by imprisonment in the penitentiary must be afforded a prompt preliminary hearing to determine probable cause. Because the legislature has not provided a remedy for a violation of this section, the majority of reviewing courts, declining to fashion a remedy, have refused to dismiss the charges against the defendant. *People v. Howell* (1975), 60 Ill. 2d 117, 324 N.E.2d 403; *People v. Meredith* (1980), 86 Ill. App. 3d 1136, 409 N.E.2d 70; *People v. Anderson* (1981), 92 Ill. App. 3d 849, 416 N.E.2d 78; *People v. Hunt* (1975), 26 Ill. App. 3d 776, 326 N.E.2d 164.

We need not determine whether Bradley's right to a prompt preliminary hearing was violated nor need we decide what remedy is available for such a violation. Bradley's failure to raise the issue upon direct review of his conviction waives the question. Only where fundamental fairness requires will the rule of waiver be relaxed. Under the facts of this case, the delay occasioned by the granting of the continuance did not deprive Bradley of a fair and impartial trial. Even Bradley does not claim that the delay hampered the presentation of his defense. The issue has been waived.

The following facts form the basis for Bradley's next argument on appeal. Initially, the State charged Bradley with committing indecent liberties on November 2, 1981. Prior to trial, the trial court granted the State's motion to add an additional count charging Bradley with committing indecent liberties on November 3, 1981. That count, charging Bradley with committing indecent liberties on November 3, was dismissed with prejudice after the jury was impaneled. In its opening statement, the State referred to the act of lewd fondling as occurring on November 3, 1981. At one point during cross-examination, Bradley's daughter referred to the incident as occurring on November 3, 1981. The jury was instructed that if they found Bradley committed the offense they need not find that it was committed on the date charged, November 2, 1981.

Bradley argues that the evidence, coupled with the instruction, demonstrates that the jury convicted him of committing indecent liberties on November 3, 1981, rather than on November 2, 1981. Brad-

ley maintains that his conviction constitutes double jeopardy contrary to the prohibition of the Federal and State constitutions. (U.S. Const., amend. V; Ill. Const. 1970, art. I, sec. 10.) We find no merit in Bradley's contention. The purpose of the double jeopardy prohibition is to protect an individual from repeated prosecutions for the same offense and to prevent the State from subjecting the accused to the embarrassment, expense, and ordeal of successive proceedings. (*People v. Deems* (1980), 81 Ill. 2d 384, 410 N.E.2d 8.) Based on the defendant's right to be free from double jeopardy, the dismissal of a charge with prejudice bars subsequent prosecutions for the same offense. *People v. Creek* (1983), 94 Ill. 2d 526, 447 N.E.2d 330.

Bradley was not placed in jeopardy twice for the same offense. We reject Bradley's contention that the evidence demonstrates that the offense occurred on November 3, 1981. Bradley's daughter clearly stated that the offense occurred on November 2, 1981. The State's remark, in opening statement, does not constitute evidence, and the jury was so instructed.

Bradley submits that his petition for post-conviction relief need only demonstrate a possibility that the jury might have found him guilty of committing the offense on November 3, 1981. Bradley's claim, however, is based wholly upon speculation and conjecture and, as such, is not cognizable under the Post-Conviction Hearing Act.

Bradley also claims that the trial court erred in admitting into evidence certain incriminating statements made by Bradley to a caseworker. The caseworker testified that Bradley voluntarily relayed to her an incident concerning his attempt to demonstrate to his daughter why he objected to her dating boys. He instructed his daughter to put her arms around him and kiss him. He then fondled her breast. Bradley told the caseworker of the incident when she was visiting the Bradley home to follow up on the Department of Children and Family Services' investigation.

Appended to Bradley's petition for post-conviction relief are his affidavit and one by his wife, stating that the caseworker advised Bradley that any matters they discussed would be confidential. Bradley argues that the admission of the caseworker's testimony violated his constitutional right against self-incrimination under the fifth amendment and his right to assistance of counsel under the sixth amendment. We do not agree.

In *People v. McKean* (1981), 94 Ill. App. 3d 502, 418 N.E.2d 1130, the court rejected a similar claim where the defendant argued that his constitutional right against self-incrimination was violated when a social worker to whom he had admitted incestuous acts informed the

prosecuting authorities. The court in *McKean* held that under the Abused and Neglected Child Reporting Act (Ill. Rev. Stat. 1983, ch. 23, par. 2054), the social worker was under an affirmative duty to report instances of child abuse and that no privileged communication could exist.

Similarly, we reject Bradley's claim that his right to counsel was denied by the admission of the caseworker's testimony. Inculpatory statements deliberately elicited from an indicted defendant, in the absence of his counsel, violate the defendant's right to counsel under the sixth amendment and are inadmissible at trial. (*Massiah v. United States* (1964), 377 U.S. 201, 12 L. Ed. 2d 246, 84 S. Ct. 1199.) The record in the present case contains no evidence that the caseworker deliberately elicited Bradley's statement for prosecutorial purposes. Rather, the record demonstrates that Bradley freely relayed the information to the caseworker in order to effect a return of his daughter to his home. Therefore, Bradley's right to counsel was not violated when he made the statement to the caseworker without his counsel being present.

■■ ■ Bradley also argues that the admission of evidence of prior similar occurrences deprived him of a fair trial. Bradley's daughter testified that similar acts of indecent liberties had repeatedly occurred. Bradley contends that her testimony should not have been allowed.

Evidence of crimes other than the one for which the defendant is being tried is inadmissible to show the defendant's criminal propensity. (*People v. Daugherty* (1983), 112 Ill. App. 3d 541, 445 N.E.2d 473.) A well-recognized exception to the rule exists, however, with respect to sexual offenses. In the prosecution of a sex-related offense, evidence of prior acts between the defendant and the complaining witness is admissible to show the familiar relation of the parties and to corroborate the complaining witness's testimony as to the act relied upon for conviction. *People v. Kraus* (1946), 395 Ill. 233, 69 N.E.2d 885; *People v. Halteman* (1956), 10 Ill. 2d 74, 139 N.E.2d 286; *People v. Long* (1977), 55 Ill. App. 3d 764, 370 N.E.2d 1315.

■ The testimony of Bradley's daughter was admissible to show the familiar, intimate relationship existing between Bradley and his daughter and to corroborate her testimony. In addition, the evidence of other acts of indecent liberties was admissible to show Bradley's intent regarding the crime charged. *People v. McMillan* (1980), 86 Ill. App. 3d 208, 407 N.E.2d 207.

■■ ■ Bradley additionally argues that the State's dismissal of count II of the information charging him with committing indecent

liberties on November 3, 1981, improperly informed the jury of another offense committed by Bradley. The State argues that the dismissal of that charge was a proper exercise of its discretion. We agree.

The prosecution has broad discretion to file a *nolle prosequi*. (*People v. Mooar* (1981), 92 Ill. App. 3d 852, 416 N.E.2d 81.) The prosecution's power to nol-pros continues throughout the proceedings, until the imposition of a sentence. (*People v. Baes* (1981), 94 Ill. App. 3d 741, 419 N.E.2d 47.) The trial court is required to enter the *nolle prosequi* absent a clear abuse of the prosecutor's discretion. (*People v. Baes* (1981), 94 Ill. App. 3d 741, 419 N.E.2d 47.) Only where the entry of the *nolle prosequi* is capricious or vexatiously repetitious will the court limit the prosecution's power. *People v. Covelli* (1953), 415 Ill. 79, 112 N.E.2d 156.

Bradley does not argue that the action of the State in dismissing the charge was an abuse of discretion, but only that no apparent reason existed for the State's delay. There is nothing in the record to demonstrate that the State's action was capricious or vexatiously repetitious. The State clearly did not abuse its discretion in moving to nol-pros the charge against Bradley.

Bradley also argues that the trial court's questioning of his daughter deprived him of a fair trial. Bradley asserts that the trial court assumed a prosecutorial role. The trial court may question a witness in order to clarify material issues. (*People v. Palmer* (1963), 27 Ill. 2d 311, 189 N.E.2d 265.) The trial court's examination should be brief and must be conducted in a fair and impartial manner, without indicating bias or prejudice against either party. *People v. Green* (1959), 17 Ill. 2d 35, 160 N.E.2d 814.

A careful review of the record reveals that the questions asked by the trial court were proper and did not constitute an abuse of discretion. The questions were asked in a fair and impartial manner and did not indicate the assumption of a prosecutorial role.

Another issue raised by Bradley is whether certain remarks made by the State in closing argument deprived him of a fair trial. First, Bradley complains of the State's opening remark in rebuttal argument advising the jury that it "considered" its ensuing argument to be a statement of fact. Next, Bradley asserts that he was prejudiced by the State's remark that the testimony of the caseworker and Bradley's son evidenced their belief that the alleged acts had occurred. Finally, Bradley claims that the State's comment that the only defense was that Bradley's daughter fabricated the incident impermissibly drew attention to Bradley's failure to testify. The jury was instructed

by the court that closing arguments not based on the evidence should be disregarded and that such arguments are not evidence. A careful examination of the record reveals that Bradley's allegations of improper argument do not establish a substantial showing of a violation of his constitutional rights.

Next, Bradley contends that the combined effect of errors set forth in his petition for post-conviction relief deprived him of a fair trial. Since we have found all of Bradley's claimed errors to be without merit, this contention similarly must fail.

Bradley also argues that he was denied effective assistance of counsel. In support of this argument, Bradley contends that his trial counsel was incompetent for failing to raise the foregoing issues. In order to sustain a claim of incompetency of trial counsel, the defendant must clearly establish actual incompetence of counsel as reflected in the manner of carrying out his duties which resulted in substantial prejudice to the defendant, without which the outcome would probably have been different. (*People v. Greer* (1980), 79 Ill. 2d 103, 402 N.E.2d 203.) The review of counsel's competence, however, does not extend to matters involving the exercise of judgment, discretion or trial strategy. *People v. Newell* (1971), 48 Ill. 2d 382, 268 N.E.2d 17.

We conclude that Bradley received competent representation based upon his trial counsel's performance throughout the proceedings. Bradley's counsel strenuously objected to matters raised at trial, cross-examined the State witnesses, moved for a directed verdict at the close of the State's case, gave a persuasive closing argument, moved and argued for a new trial, and called witnesses to testify in mitigation at the sentencing hearing. Moreover, there is no indication that substantial prejudice resulted to Bradley which adversely affected the outcome of his trial.

Bradley also argues that his counsel on appeal was incompetent for failing to raise the foregoing issues and for failing to raise the issue of incompetency of his trial counsel. We disagree. On appeal, counsel is not required to brief every possible issue. (*Jones v. Barnes* (1983), ___ U.S. ___, 77 L. Ed. 2d 987, 103 S. Ct. 3308.) Failure to raise an issue on appeal does not constitute incompetence unless the issue is patently meritorious. (*People v. Frank* (1971), 48 Ill. 2d 500, 272 N.E.2d 25.) In view of our disposition of all of the issues raised by Bradley, the record clearly does not support Bradley's allegations of ineffective counsel.

Finally, Bradley argues that the circuit court abused its discretion in granting the State an extension of time to file a response to

his petition for post-conviction relief. We disagree. Bradley's petition for post-conviction relief was filed on October 7, 1983. On November 2, 1983, the circuit court granted the State an extension of time to file its response until November 21, 1983. On that date, the State filed a second motion for an extension of time to respond. On November 29, 1983, the State filed its motion to dismiss Bradley's petition.

The granting of extensions of time to answer a petition for post-conviction relief is within the trial court's discretion. (*People v. Cartee* (1980), 86 Ill. App. 3d 895, 408 N.E.2d 396.) Where the defendant fails to demonstrate any prejudice resulting from the delay, a valid disposition of a petition for post-conviction relief will not be set aside merely because the State was dilatory in filing its response. *People v. Farnsley* (1973), 53 Ill. 2d 537, 293 N.E.2d 600.

In conclusion, Bradley's petition for post-conviction relief presents no substantial showing of any violation of his constitutional rights. Therefore the judgment of the circuit court of Livingston County is affirmed.

Affirmed.

MILLS, P.J., and GREEN, J., concur.