THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
CHARLES TANNAHILL, Defendant-Appellant.

Fifth District    No. 5—85—0579

Opinion filed February 19, 1987.

Randy E. Blue and Julila M. Gentile, both of State Appellate Defender's Office, of Mt. Vernon, for appellant.

Stephen Swofford, State's Attorney, of Fairfield (Kenneth R. Boyle, Stephen E. Norris, and Matthew E. Franklin, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

PRESIDING JUSTICE KARNS delivered the opinion of the court:

Defendant, Charles Tannahill, was convicted by a jury of one count of aggravated criminal sexual abuse and two counts of indecent liberties against his 12-year-old daughter in connection with three incidents on October 17, 1982, October 17, 1983, and December 20, 1984. He was sentenced to 12 years' imprisonment on one count of indecent liberties, 7 years' on the second count and 7 years' on the count of aggravated criminal sexual abuse, all to be served concurrently. Defendant appeals. We affirm.

On October 17, 1982, defendant took complainant to a nearby Pizza Hut restaurant for her 10th birthday. On the way to the restaurant, they stopped at a cemetery, where defendant made complainant pull down her pants. After unsuccessfully attempting to have sexual intercourse with complainant, he made her perform fellatio.

On October 17, 1983, defendant again took complainant to the same restaurant to celebrate her birthday and on the way stopped at the same cemetery. He made complainant pull down her pants and again unsuccessfully attempted intercourse. He made her perform fellatio and then rubbed her vagina with his hand.

The third incident occurred in December of 1984. Defendant took complainant out of school, supposedly for a dentist appointment. He took her home, brought her into his bedroom, and unsuccessfully attempted to have intercourse with her. He then unsuccessfully tried anal sex and made her engage in oral sex with him.

Complainant also testified to two other incidents occurring in 1983, both of which were witnessed by her two brothers. She further stated defendant initiated sexual activity with her when she was nine years of age and that this activity occurred two or three times a week during 1983 and 1984 whenever her mother was not at home. Defendant denied engaging in any sexual conduct with complainant.

■■ ■ Defendant first argues on appeal the State failed to prove him guilty beyond a reasonable doubt of indecent liberties and aggravated criminal sexual abuse. Defendant asserts complainant's testimony was neither clear and convincing nor substantially corroborated to sustain his convictions.

To sustain a conviction for taking indecent liberties with a child when that conviction is based upon the testimony of the child, the testimony must be clear and convincing or otherwise corroborated. (*E.g.*, *People v. Taylor* (1978), 64 Ill. App. 3d 279, 281, 381 N.E.2d 303, 305.) Such accusations are easily made, hard to prove, and even harder to defend. (*People v. Nunes* (1964), 30 Ill. 2d 143, 146, 195 N.E.2d 706, 707.) The issue of credibility, however, is for the trier of fact. (*People v. Robinson* (1981), 94 Ill. App. 3d 304, 309, 418 N.E.2d 899, 903.) A reviewing court must give due weight to the judgment of the trier of fact as to credibility of the witnesses, and its finding of guilt will not be disturbed unless the evidence is so unsatisfactory as to warrant a reasonable doubt of guilt. (*People v. Bolyard* (1974), 23 Ill. App. 3d 497, 499-500, 319 N.E.2d 265, 267, *modified* (1975), 61 Ill. 2d 583, 338 N.E.2d 168.) We find complainant's testimony to be sufficiently clear and convincing, as well as sufficiently corroborated, to sustain defendant's convictions.

■■ Defendant argues complainant made certain inconsistent statements which prevent her testimony from being clear and convincing. Defendant takes issue with two statements given by complainant to defendant's attorney. These statements were made in defendant's attorney's office during two interviews with complainant alone on April 22 and April 30 of 1985. The first statement, however, is not inconsistent with her trial testimony but merely omitted detail. She could not remember what happened on October 17, 1982, October 17, 1983, and December 20, 1984, but did remember the dates and circumstances surrounding each incident and that something definitely happened on each occasion. She also stated she told her mother three or four times that her father was molesting her. In the April 30 statement, complainant again alleged her father engaged in sexual activity with her on the three named occasions. The discrepancy arises solely in the degree or type of sexual activity. Complainant never wavered, however, in alleging that her father sexually molested her.

Defendant also attacks his daughter's credibility in relation to a statement given by complainant to a Department of Children and Family Services caseworker. The caseworker conducted three interviews with complainant on the same day. During the third interview, complainant stated, when extremely tired, embarrassed, and on the verge

of crying, that she did not recall being sexually molested by her father on December 20, 1984. The complainant's denial is understandable in view of the surrounding circumstances and does not render her testimony at trial incredible or so unconvincing as to require reversal of defendant's convictions. *Cf. People v. Morgan* (1977), 69 Ill. 2d 200, 206, 208, 370 N.E.2d 1063, 1066, 1067.

■ Defendant further complains his daughter made two errors pertaining to the dates complainant related to others as to when the sexual molestation allegedly began and ended. The dates on which sexual molestation began and ended are, however, collateral issues. Minor inconsistencies concerning these dates do not destroy complainant's credibility. Such discrepancies go only to the weight to be accorded by the trier of fact. (See *People v. Krison* (1978), 63 Ill. App. 3d 531, 535, 380 N.E.2d 449, 452; *People v. Turner* (1976), 36 Ill. App. 3d 77, 80, 343 N.E.2d 267, 270; *People v. Bolyard* (1974), 23 Ill. App. 3d 497, 500, 319 N.E.2d 265, 267, *modified* (1975), 61 Ill. 2d 583, 338 N.E.2d 168. See also *People v. Long* (1977), 55 Ill. App. 3d 764, 772, 370 N.E.2d 1315, 1322; *People v. Newbern* (1974), 18 Ill. App. 3d 532, 540, 310 N.E.2d 42, 49.) As the caseworker explained at trial, it is very difficult for a child to estimate length of time.

■ In addition, we also find evidence of corroboration on the record of complainant's testimony. The secretary at complainant's school testified that she received a phone call from defendant in November or December of 1984 in which defendant stated he would pick up complainant at noon for a dental appointment. When the secretary pulled complainant out of class and told her to meet defendant to go to the dentist, complainant acted shocked. Complainant's mother testified she came home from work one day in December 1984 before the children should have been out of school and found complainant home alone with defendant. Her mother also testified defendant and complainant went to the Pizza Hut restaurant alone both times to celebrate her 10th and 11th birthdays. In addition, complainant testified to two other incidents of sexual molestation by defendant which her brothers witnessed. Both boys substantially corroborated complainant's accounts of the incidents. We see no reason to overturn defendant's convictions in this instance. See *People v. D'Angelo* (1975), 30 Ill. App. 3d 86, 92-93, 333 N.E.2d 525, 531; *People v. Bolyard* (1974), 23 Ill. App. 3d 497, 500, 319 N.E.2d 265, 267, *modified* (1975), 61 Ill. 2d 583, 338 N.E.2d 168.

■ Defendant's second contention on appeal is that the trial court erred in admitting evidence of other sexual offenses by defendant against complainant. The law is well settled, however, that in a trial for indecent liberties with a child, evidence of defendant's prior sexual of-

fenses with the same child is admissible whether or not defendant denies guilt. (*E.g., People v. Rogers* (1926), 324 Ill. 224, 233, 154 N.E. 909, 911; *People v. Bradley* (1984), 128 Ill. App. 3d 372, 381, 470 N.E.2d 1121, 1128.) Evidence of prior sexual offenses is admissible to show the relationship and familiarity of the parties, the intent with which the act was done, and defendant's design or course of conduct. (*E.g., People v. Bradley* (1984), 128 Ill. App. 3d 372, 381, 470 N.E.2d 1121, 1128; *People v. Cleveland* (1980), 83 Ill. App. 3d 675, 682, 404 N.E.2d 876, 881; *People v. Krison* (1978), 63 Ill. App. 3d 531, 535, 380 N.E.2d 449, 452.) In addition, such evidence is also admissible to corroborate the complainant's testimony as to the particular act or acts relied upon for conviction. (*People v. Bradley* (1984), 128 Ill. App. 3d 372, 381, 470 N.E.2d 1121, 1128; *People v. Arbuckle* (1979), 75 Ill. App. 3d 826, 835-36, 393 N.E.2d 1296, 1303.) The trier of fact is entitled to view the sexual conduct within the context of the actual relationship between defendant and complainant. A father's sexual abuse of his daughter invariably involves more than one incident. Limiting complainant's testimony to one incident would make the incident appear isolated. This limitation would place an unfair strain upon the credibility of complainant's testimony concerning the charged offenses. Moreover, the probative value of such evidence far outweighs any prejudicial effect on defendant. *People v. Krison* (1978), 63 Ill. App. 3d 531, 536, 380 N.E.2d 449, 452.

■■■ Defendant next asserts the prosecutor made certain statements in his closing argument which constituted error and denied him a fair trial. Defendant believes the prosecutor vouched for the veracity of the complainant, presented facts not in evidence, and suggested that complainant's statements to defense counsel made alone in his office were obtained through deceptive means. We disagree with defendant's interpretation. The prosecutor's statements were all proper comments on the evidence and on the credibility of the witnesses.

A prosecutor has great latitude in closing argument, and those statements made by a prosecutor which are based upon evidence presented at trial, as well as legitimate inferences which may be deduced from that evidence, are within the bounds of legitimate argument. (*E.g., People v. Reyes* (1981), 102 Ill. App. 3d 820, 833, 429 N.E.2d 1277, 1288.) To merit reversal of a defendant's conviction, any improper comments made in closing argument must be of a substantial magnitude when viewed in light of the entire record and argument to result in substantial prejudice to the defendant. (*People v. Martinez* (1977), 45 Ill. App. 3d 939, 943, 360 N.E.2d 495, 498.) If the improper comments do not constitute a material factor in the conviction, or are

of such a minor character that prejudice to the defendant is not their probable result, the verdict will not be disturbed. (45 Ill. App. 3d 939, 943, 360 N.E.2d 495, 498.) We see no reason to disturb the verdict in this instance.

■■ ■ The prosecutor did not accuse defense counsel of fraud or deceit in relation to the two statements given by complainant to defense counsel in his office. Defense counsel interviewed complainant alone in his office and had her sign statements which he wrote. By so doing, counsel placed himself in the position of an investigator and further injected himself into the trial when he cross-examined complainant about these statements. The prosecutor could, therefore, properly comment upon defense counsel's actions. (*Cf. People v. Emerson* (1983), 97 Ill. 2d 487, 497, 455 N.E.2d 41, 45; *People v. Starks* (1983), 116 Ill. App. 3d 384, 394, 451 N.E.2d 1298, 1305; *People v. Martin* (1975), 29 Ill. App. 3d 825, 828-29, 331 N.E. 2d 311, 313-14.) All other statements in relation to these interviews were grounded in the evidence and based on reasonable inferences therefrom and therefore were proper. The prosecutor also did not assure the jury it could safely ignore any discrepancies in complainant's testimony and statements made to others. The prosecutor merely attempted to resolve and explain these discrepancies. Moreover, when the prosecutor submitted to the jury that complainant was telling the truth, he did not vouch for complainant's credibility. It is not improper for a prosecutor to preface a comment with the phrase "I submit" in closing argument. He is not asserting his personal belief but is merely referring the comment to the jury for their consideration and decision. (See *People v. Franklin* (1978), 64 Ill. App. 3d 400, 404, 380 N.E.2d 1082, 1085.) It is also to be remembered, the prosecutor may properly comment upon the credibility of all witnesses, including the complaining witness, during closing argument. (See *People v. Cole* (1980), 80 Ill. App. 3d 1105, 1107-08, 400 N.E.2d 931, 933; *People v. Bragg* (1979), 68 Ill. App. 3d 622, 631, 386 N.E.2d 485, 491.) Any reference to complainant's being traumatized was also a reasonable inference from the evidence presented at trial in view of the nature of the crimes charged. (*People v. Krison* (1978), 63 Ill. App. 3d 531, 535, 380 N.E.2d 449, 452.) We find no reversible error in the prosecutor's closing argument.

■■ Defendant next argues he was denied effective assistance of counsel when his counsel failed to object to one of the State's instructions which substituted an intent other than the one with which he was charged. Defendant was originally charged with the intent to arouse or satisfy his own sexual desires, and the instruction submitted included the intent to arouse or satisfy the sexual desires of either defendant or

complainant.

To establish ineffective assistance of counsel, a defendant must clearly show a deficiency in counsel's performance which resulted in substantial prejudice to the defendant, without which the outcome probably would have been different. (*E.g., People v. Weir* (1986), 111 Ill. 2d 334, 337, 490 N.E.2d 1, 2.) Defendant has failed to show his counsel's failure to object to the contested instruction prejudiced him to the extent that the outcome of the trial probably would have been different. Moreover, there is no evidence that defendant was misled in his defense. See *People v. Rosochacki* (1969), 41 Ill. 2d 483, 492, 244 N.E.2d 136, 141.

Defendant's reliance on *People v. Lemcke* (1980), 80 Ill. App. 3d 298, 399 N.E.2d 677, is misplaced. First, defendant here denied most of the acts to which complainant testified; consequently his state of mind was not the major contested issue, as in *Lemcke*. And, defendant was permitted to testify to his own state of mind, unlike the defendant in *Lemcke*. Further, defense counsel here did not tender the offending jury instruction. We find no ineffective assistance of counsel which so prejudiced defendant to require reversal of his convictions.

▮▮ Defendant's final argument on appeal is that his sentences of imprisonment were improper in light of the court's failure to consider defendant's history of alcoholism as a mitigating factor.

A defendant's demonstrated history of alcoholism is a factor to be considered in a sentencing determination. (*People v. Walcher* (1969), 42 Ill. 2d 159, 166, 246 N.E.2d 256, 260-61.) Defendant here, however, has no demonstrated history of being an alcoholic. Defendant's assertion that he is an alcoholic is based upon his own and his wife's statements in the presentence investigation. (*Cf. People v. Walcher* (1969), 42 Ill. 2d 159, 166, 246 N.E.2d 256, 260-61; *People v. Goodman* (1981), 98 Ill. App. 3d 743, 749-50, 424 N.E.2d 663, 668-69.) Moreover, there is no evidence on the record that defendant had been drinking at the time he sexually molested complainant. (*Cf. People v. Freedman* (1954), 4 Ill. 2d 414, 419-20, 123 N.E.2d 317, 319-20.) There simply was no evidence of alcoholism which the trial court was compelled to consider as a mitigating factor in determining defendant's sentence. We find no error.

For the foregoing reasons, we affirm the judgment of the circuit court of Wayne County convicting defendant of one count of aggravated criminal sexual abuse and two counts of indecent liberties.

Affirmed.

KASSERMAN and JONES, JJ., concur.