THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. JOSE DIAZ, Defendant-Appellant.

First District (5th Division) No. 1—88—2739

Opinion filed August 3, 1990.

Ira A. Moltz, of Chicago, for appellant.

Cecil A. Partee, State's Attorney, of Chicago (Renee Goldfarb and Kenneth T. McCurry, Assistant State's Attorneys, of counsel), for the People.

JUSTICE MURRAY delivered the opinion of the court:

After a bench trial, Jose Diaz (Diaz) was convicted of two counts of criminal sexual assault, two counts of aggravated criminal sexual assault and two counts of aggravated criminal sexual abuse. Diaz committed these acts on his own daughter. Diaz was sentenced to 10 years with the Illinois Department of Corrections. On appeal Diaz charges (1) that he was not proved guilty beyond a reasonable doubt, (2) that the trial court erred in finding an eight-year-old child competent to testify, (3) that the trial court erred in allowing testimony of alleged prior sexual conduct between the defendant and his daughter, and (4) that his sentence was excessive.

For the following reasons, we affirm the decision of the trial court.

A brief rendition of the facts is as follows. At trial, the victim testified to the following facts. On the evening of January 3, 1988, the victim, the eight-year-old daughter of the defendant, was sleeping along with her three brothers on the dining room floor of her grandparents' home. She stated that her father came by and took off her underwear and shorts, leaving her still wearing her dress. Shortly thereafter her father woke her up and told her to follow him into the bathroom. Although the victim's testimony graphically described the acts that followed, we do not feel it necessary to reiterate the disturbing details here. Subsequently her father told her to go down to the basement and she did. After a while, when no one came to the basement, she went back upstairs to the kitchen to ask her father if she could go to bed. He told her that she could not go to bed. Her father told her to bend over and put his hand between her legs. He stroked her and then put his finger inside her vagina and had her suck his finger. At this point in time, the defendant's wife, the victim's mother, entered the kitchen and said, "Jose, I thought that's what you were doing." The victim's mother ran to awaken her parents and called the police. The police subsequently arrived and arrested the defendant. The victim was taken to the hospital where, after being seen by a doctor, she talked to two detectives. At trial the principal witnesses for the State were Diaz's abused eight-year-old daughter and his ex-wife.

Diaz's first contention is that he was not proven guilty beyond a reasonable doubt because there was no medical evidence documenting the sex abuse and the testimony of his eight-year-old daughter (the victim) was not consistent with that of her mother.

The mother of the victim is the ex-wife of Diaz. She and Diaz had four children together. She was also the one who first reported Diaz's conduct to the police. She testified as an eyewitness to one of the oc-

currences. Diaz attempted to paint her as a disgruntled ex-wife who sought money from him to drop the charges. She is also described as the one who dominated her daughter, the victim. Diaz argues that this fact, coupled with the absence of medical testimony, does not prove him guilty beyond a reasonable doubt.

The discrepancy between the mother's and daughter's testimony relating to the daughter's reporting the incident, plus the alleged bias, is the key to Diaz's argument that he was not proved guilty beyond a reasonable doubt. Although medical testimony is of value in cases of sexual abuse, even where there is no such testimony, the testimony of the victim alone will support a conviction unless that testimony is unbelievable as a matter of law. (*People v. Patterson* (1980), 90 Ill. App. 3d 775, 413 N.E.2d 1371.) In this case we cannot hold that the young victim's testimony against her natural father was unbelievable as a matter of law. She testified in a great deal of specifics and details to the unnatural acts her father inflicted upon her. Her mother corroborated some of those details.

Allegations of sexual misconduct are easily made, hard to prove, and harder to defend. (*People v. Nunes* (1964), 30 Ill. 2d 143, 146, 195 N.E.2d 706, 707.) Accordingly, in cases where a defendant convicted of sexual abuse denies the charge, the conviction will be upheld only where the complainant's testimony is clear and convincing, or where it is substantially corroborated by other evidence. (*People v. Server* (1986), 148 Ill. App. 3d 888, 895, 499 N.E.2d 1019, 1024; *People v. Cregar* (1988), 172 Ill. App. 3d 807, 819, 526 N.E.2d 1376, 1385; *People v. Douglas* (1989), 183 Ill. App. 3d 241, 538 N.E.2d 1335.) "The complainant's testimony need not be unimpeached, uncontradicted, crystal clear, or perfect to be clear and convincing." (*People v. Findlay* (1988), 177 Ill. App. 3d 903, 911, 532 N.E.2d 1035, 1041; *People v. Douglas* (1989), 183 Ill. App. 3d 241, 251, 538 N.E.2d 1335.) As long as the discrepancies do not detract from the reasonableness of the complainant's story as a whole, it may be found clear and convincing. *People v. Findlay* (1988), 177 Ill. App. 3d 903, 911, 532 N.E.2d 1035, 1041.

Defendant alleges that the victim stated he was standing when he had his hand between her legs whereas he also alleges that the ex-wife's story was that the defendant was sitting in a chair listening to music. The daughter never mentioned the headphones. The defendant asserts that this is not a matter of two witnesses differing over a minor detail, but rather that this is the heart of the State's case. A review of the record indicates that the testimony of the two witnesses focused on whether defendant was facing his victim, not

whether or not he was standing. Both parties testified that the victim was standing with her back to her father. The victim did not testify as to whether her father was standing or sitting. Slight discrepancies also existed in the testimony of the mother and daughter as to when they discussed the incident. However, despite some discrepancies, the mother's and the daughter's testimony as to Diaz's conduct was clear and convincing. (*People v. Douglas* (1989), 183 Ill. App. 3d 241, 538 N.E.2d 1335.) The young victim's testimony set forth graphic details of the acts her father performed. The victim's mother corroborated many details of the second incident as an eyewitness. During their respective testimony, the trial judge was able to assess the demeanor and credibility of the victim and her mother. Accordingly, we must sustain the trial judge, who heard the testimony and had the primary duty to weigh the questions raised by Diaz as to interest, bias and prejudice.

 In his second point, Diaz claims that the trial court improperly concluded that the child victim was competent to testify. Diaz's point on this issue is that the evidence indicates that the daughter's testimony was influenced by her mother. The appropriate standard of proof in the case of a minor who is called as a witness is whether the trial judge abused his or her discretion. (*People v. Brown* (1972), 52 Ill. 2d 94, 105, 285 N.E.2d 1, 8.) In determining whether a witness is competent to testify, a trial court is to consider four criteria:

(1) the ability of the witness to receive correct impressions from his senses;

(2) the ability to recollect these impressions;

(3) the ability to understand questions and express answers; and

(4) the ability to appreciate the moral duty to tell the truth.

(*People v. Seel* (1979), 68 Ill. App. 3d 996, 1004, 386 N.E.2d 370, 376.) Applying these factors to the instant case, we believe the judge properly found the victim competent to testify. The competency of a minor witness is determined not by her chronological age but by the degree of intelligence of the child. (*People v. Garcia* (1983), 97 Ill. 2d 58, 454 N.E.2d 274, *cert. denied* (1984), 467 U.S. 1260, 82 L. Ed. 2d 856, 104 S. Ct. 3555.) Once the judge determines that a minor is competent to testify, any confusion or contradiction in later testimony only goes to the minor's credibility and does not affect his competency to testify. (*In re Cruz* (1979), 76 Ill. App. 3d 565, 395 N.E.2d 388.) In this case the character of the victim's subsequent testimony tended to confirm that she was competent. Unless testimony at trial establishes that the witness did not meet the criteria for competency, that testimony can-

not establish that a determination of competency constituted an abuse of discretion. *People v. Seel* (1979), 68 Ill. App. 3d 996, 1004, 386 N.E.2d 370, 377.

Based on the above standard, we must affirm the trial judge's conclusion permitting the daughter to testify. Prior to permitting the daughter to testify, the trial judge questioned her about telling the truth. The daughter's responses indicated that she was taught about the truth and knew she would be punished if she did not tell the truth. Diaz's counsel asked her if her mother had ever told her something that was not the truth. The daughter replied no. The defense counsel then asked:

> "Q. If she ever told you something that would be the truth, is that right?
> A. Yes."

Defense counsel attempts to equate the fact that because the daughter believed her mother, truth was determined by the mother. Such an analysis is completely unjustified absent something in the record indicating that the mother lied to the daughter and the daughter believed her despite the lie. There is nothing in the record establishing that either the mother ever lied to the daughter or, in fact, the mother lied about the father's conduct. At best Diaz creates an inference that is unsupported by the record.

■■■ ■ Diaz ties this argument with the fact that at a preliminary hearing there was no finding of "probable cause." The sole purpose of a preliminary hearing is to establish probable cause. (*People v. Horton* (1976), 65 Ill. 2d 413, 358 N.E.2d 1121.) Its use to impeach witnesses or show their bias or prejudice would only be relevant if the proceedings or part thereof were made a matter of appellate record. (*People v. Morgan* (1977), 69 Ill. 2d 200, 370 N.E.2d 1063.) Since the proceeding or parts thereof have not been made a matter of record on this case, we have no right to consider that hearing in connection with the charge that the trial judge improperly permitted the eight-year-old victim to testify.

■■■ ■ Diaz also argues that the trial court improperly allowed testimony of prior sexual conduct between his daughter and himself. As a general proposition of law, evidence of other crimes is prohibited in a criminal case. On the other hand, evidence of other offenses has been held to be admissible if it is relevant for any purpose other than to show the propensity to commit crimes and as long as there is a similarity between the other crimes and the offense charged. (*People v. Evans* (1988), 125 Ill. 2d 50, 530 N.E.2d 1360.) It is well established that evidence of other crimes is admissible to establish *modus*

*operandi. (People v. Evans* (1988), 125 Ill. 2d 50, 530 N.E.2d 1360; *People v. McKibbons* (1983), 96 Ill. 2d 176, 449 N.E.2d 821, *cert. denied* (1983), 464 U.S. 844, 78 L. Ed. 2d 136, 104 S. Ct. 145.) In this case the sexual conduct of Diaz and his daughter disclosed a pattern of sexual abuse by a father on his eight-year-old daughter; the evidence was properly considered to disclose that Diaz's conduct toward his daughter was a *"modus operandi."*

 Additionally, evidence of prior sexual offenses is admissible to show the relationship and familiarity of the parties, the intent with which the act was done, defendant's design or course of conduct and to corroborate the complainant's testimony as to the particular act or acts relied upon for conviction. *(People v. Tannahill* (1987), 152 Ill. App. 3d 882, 504 N.E.2d 1283.)

> "The trier of fact is entitled to view the sexual conduct within the context of the actual relationship between defendant and complainant. A father's sexual abuse of his daughter invariably involves more than one incident. Limiting complainant's testimony to one incident would make the incident appear isolated. This limitation would place an unfair strain upon the credibility of complainant's testimony concerning the charged offenses. Moreover, the probative value of such evidence far outweighs any prejudicial effect on defendant." *(People v. Tannahill* (1987), 152 Ill. App. 3d 882, 887, 504 N.E.2d 1283, 1287.)

This law is well settled that in a trial for indecent liberties with a child, evidence of defendant's prior sexual offense with the same child is admissible whether or not the defendant denies guilt. *People v. Bradley* (1984), 128 Ill. App. 3d 372, 381, 470 N.E.2d 1121, 1128.

 Finally Diaz complains of the imposition of a 10-year sentence for his crime and seeks a reduction thereof to six years. Diaz is a man over 40 who worked at the same job for nine years. His sentence does appear severe, yet his crime is one of the most heinous crimes recognized in a civilized society. Although adultery has apparently risen from a crime to a sport in our society, incest with one's own child remains an abomination. We find defendant's contention that the trial court failed to weigh the aggravating and mitigating factors to be without merit. Clearly, the court considered all the aggravating and mitigating factors before it in the sentencing hearing and determined that defendant's behavior justified the imposition of a 10-year sentence which, while greater than the statutory minimum, is certainly well below the statutory maximum of 30 years.

 The trial judge is normally in a better position to determine

the punishment to be imposed than the courts of review. (*People v. Butler* (1976), 64 Ill. 2d 485, 490, 356 N.E.2d 330, 333.) The trial judge, in the course of the trial and the sentencing hearing, has an opportunity to consider factors such as the defendant's credibility, demeanor, general moral character, mentality, habits and age, whereas this court is merely afforded an opportunity to examine a cold record. (*People v. Perruquet* (1977), 68 Ill. 2d 149, 154, 368 N.E.2d 882, 884.) Although the writer feels that 10 years is a rather severe sentence to be imposed in this case, it is well established that the imposition of a sentence is a matter of judicial discretion and that absent an abuse of that discretion the sentence may not be altered upon review. *People v. Cox* (1980), 82 Ill. 2d 268, 412 N.E.2d 541.

We do not find an abuse of discretion in this case nor do we find any other error. Accordingly, we affirm the conviction and sentence imposed by the trial judge.

For the above reasons, we affirm the trial judge.

Judgment affirmed.

COCCIA, P.J., and GORDON, J., concur.