UNITED STATES, Appellee,

v.

Richard L. DUNLAP, Specialist Five
U.S. Army, Appellant.

No. 53,393.

CM 446587.

U.S. Court of Military Appeals.

Sept. 25, 1987.

For Appellant: *Captain James J. McGroary* (argued); *Colonel Brooks B. La Grua, Major Marion E. Winter, Captain Carolyn F. Washington* (on brief); *Lieutenant Colonel Arthur L. Hunt.*

For Appellee: *Captain Tarek Sawi* (argued); *Colonel James Kucera, Lieutenant Colonel Joseph A. Rehyansky, Lieutenant Colonel Larry D. Williams* (on brief); *Colonel Norman G. Cooper, Lieutenant Colonel Gary F. Roberson, Lieutenant Colonel Adrian J. Gravelle, Captain Laura G. Poston.*

*Opinion of the Court*

COX, Judge:

A military judge sitting as a general court-martial convicted appellant, contrary to his pleas, of taking indecent liberties with his 11–year-old stepdaughter,[1] in violation of Article 134, Uniform Code of Military Justice, 10 U.S.C. § 934. He was sentenced to reduction to pay grade E–1 and a dishonorable discharge. The convening authority approved the sentence, and the Court of Military Review affirmed. We granted review to consider:

**I**

WHETHER THE MILITARY JUDGE ERRED BY ADMITTING PROSECUTION EXHIBIT 2, A STATEMENT GIVEN BY ... [THE VICTIM], OVER DEFENSE OBJECTION.

---

1. The victim's precise relationship to appellant is unclear. Appellant, in his testimony, affirmed that she was his "stepdaughter," and she is similarly identified in a stipulation of fact. However, a Criminal Investigation Command (CID) *Report of Investigation,* which resulted from a previous, similar allegation against appellant and which is attached to this record as an appellate exhibit, contains the following entry:

About 0913, 2 Jun 83, the undersigned ... [special agent] telephonically contacted Mrs. DUNLAP to attempt to clarify various aspects of this investigation. The undersigned requested to know if ... [the victim] was SGT DUNLAP's biological daughter. Mrs. DUNLAP related that ... [the victim] was not the biological daughter of either herself or her husband, that she was adopted in 1975.

## II

WHETHER THE EVIDENCE WAS SUFFICIENT TO SHOW THAT APPELLANT COMMITTED ANY INDECENT ACTS.

### Issue I

Prosecution exhibit 2 is a sworn, written statement executed by the victim on February 15, 1984, some 5 hours after she first reported appellant's assault upon her to her baby-sitter. The statement resulted from an interview conducted by an agent of the Criminal Investigation Command (CID) wherein the victim described what had happened. It was stipulated by the parties that the victim "gave the statement, read through it, signed it and swore to it."

At trial, defense counsel moved to suppress the victim's statement. He conceded that all foundational requirements for admitting the statement had been met except "whether or not these statements [2] ought to be admitted in the interest of justice and whether or not they ... [were] highly reliable." Specifically, the defense asserted that admitting the statement would violate appellant's Sixth Amendment right of confrontation.

**2.** The prosecution initially sought to introduce two of the victim's statements to CID agents. The first statement was given on May 31, 1983, in the course of the prior investigation. *See* n. 1, *supra*. The judge found no exception to the hearsay rule which permitted introduction of this statement, and he granted the defense motion to suppress it.

**3.** The record makes it abundantly clear that the victim was "bagged" by members of her family. The alleged criminal conduct and the trial took place in West Germany. Approximately a week after the reported incident—and 5 months in advance of trial—appellant's wife "spirited" the victim away to Texas, to the home of *appellant's* parents. The latter made every effort to hide the victim from military authorities and, along with appellant's brothers and other relatives, induced her to refuse to testify against appellant. Appellant's wife's actions were consistent with her conduct during the previous investigation of appellant. *See* n.1, *supra.* Though appellant himself was not under any form of pretrial restraint, nothing in the record explicitly

It is undisputed that the victim was unavailable to testify.[3] Her statement was admitted under the so-called residual-hearsay provision of Mil.R.Evid. 804(b)(5), Manual for Courts-Martial, United States, 1969 (Revised edition).[4] To support admitting the statement, trial counsel called the victim's baby-sitter, Mrs. Stone, as a witness. The victim previously had told Mrs. Stone in confidence of other incidents involving misconduct by appellant, and Mrs. Stone had urged the victim's mother to take action—to no avail. Mrs. Stone confirmed that appellant had picked his daughter up at approximately 9:00 p.m. on February 14; about 30–45 minutes later, the victim reappeared at her door with "her hair sticking all out, big tears streaming [down her face], and trembling, just frightened, really frightened." The girl confided to Mrs. Stone that her "dad has started this stuff all over again." She then told Mrs. Stone what had happened after she and her father returned to their own home.

The military judge ruled that the victim's February 15 statement was admissible, observing:

In regard to Appellate Exhibit III, the statement dated 15 February 1984, I find that ... [the victim] did appear in an excited state before Mrs. Stone and com-

connects him with participation in the effort to silence the victim.

**4.** "[I]f the declarant is unavailable as a witness," Mil.R.Evid. 804(b)(5) permits the admission of:

A statement not specifically covered by any of the foregoing exceptions but having equivalent circumstantial guarantees of trustworthiness, if the military judge determines that (A) the statement is offered as evidence of a material fact; (B) the statement is more probative of the point for which it is offered than any other evidence which the proponent can procure through reasonable efforts; and (C) the general purposes of these rules and the interest of justice will best be served by admission of the statement into evidence. However, a statement may not be admitted under this exception unless the proponent of it makes known to the adverse party sufficiently in advance of the trial or hearing to provide the adverse party with a fair opportunity to prepare to meet it, the intention to offer the statement and the particulars of it, including the name and address of the declarant.

plained of the events set forth in Appellate Exhibit III. I find that her disheveled appearance and excited complaints to Mrs. Stone corroborate Appellate Exhibit III and provide circumstantial guarantees of trustworthiness to Appellate Exhibit III, the 15 February 1984 statement.

Therefore, in my opinion, ... the 15 February 1984 statement is admissible under Military Rule of Evidence 804(b)(5).

Appellate exhibit III was then admitted into evidence as prosecution exhibit 2.

▮ The military judge's observation that the statement to the CID agent was corroborated by the prior excited utterances was apt indeed, for the contents of the two statements approach identity. Excited utterances themselves fall into that category of "firmly-rooted," traditional hearsay exceptions such as may be deemed presumptively reliable for confrontation purposes. *United States v. Hines,* 23 M.J. 125, 129 and n. 6 (C.M.A.1986). It follows that virtual identity with a presumptively reliable statement suggests that the challenged statement is also reliable. Here, the combination of the near identity of the statements, their close proximity in time, and the evidence of the victim's appearance and demeanor, plus such additional factors as: that the statement to the CID was taken under oath; that the victim reviewed it before signing it, and that "normal CID procedures" were employed, all serve to support the judge's finding that the challenged statement was reliable.

In *Hines,* we reviewed the requirements of Mil.R.Evid. 804(b)(5) and the limitations of the Confrontation Clause as set forth in *Ohio v. Roberts,* 448 U.S. 56, 100 S.Ct. 2531, 65 L.Ed.2d 597 (1980). We observed that statements admitted under this rule must "bear 'indicia of reliability' such that

'there is no material departure from the reason of the general [confrontation] rule.'" 23 M.J. at 131. We further noted that the requirement of "'indicia of reliability' appears on its face to be closely related to the evidentiary requirement that the evidence have 'equivalent circumstantial guarantees of trustworthiness.'" *Id.* at 134. Additionally, we opined that the military judge should state on the record facts and circumstances justifying a conclusion that the statement was admissible.

Here, without the benefit of our *Hines* opinion, the military judge, in differentiating between a statement which he held inadmissible[5] and prosecution exhibit 2, stated his finding that prosecution exhibit 2 was corroborated by the victim's prior excited utterances, as well as by her appearance and demeanor.[6] As we subsequently stressed in *Hines,* such corroboration by independent evidence can be a powerful factor in establishing the reliability of another statement. 23 M.J. at 137–38 and n. 16. Under the circumstances and measured by *Hines* standards, we agree prosecution exhibit 2 was properly received in evidence.

## *Issue II*

▮ Turning to the question of sufficiency of the evidence, we note that, in addition to the testimony of the baby-sitter on the merits, prosecution exhibit 2 reflects that the victim stated appellant had "touched me between the legs near my private parts." Appellate defense counsel urge that the evidence is insufficient to sustain the findings of guilty here. Counsel base this position on the favorable character witnesses who testified for appellant; his own denial of the alleged act; appellant's speculation that the victim may have lied because she wanted to return to the United

**5.** *See* n. 2, *supra.*

**6.** We note that the statement uttered to the baby-sitter was also admitted on the merits without specific reference to the hearsay exception justifying its admission. However, in view of the military judge's comment and ruling on

admissibility of prosecution exhibit 2, it appears that the Court of Military Review's conclusion that the statement qualified as an excited utterance under Mil.R.Evid. 803(2) is supported by the record.

States; and the alleged lack of specificity in the victim's statement as to the area touched.

We will affirm the findings of the trier of fact if there is some competent evidence from which he could find beyond a reasonable doubt every element of the offense. *United States v. Williams,* 21 M.J. 360 (C.M.A.1986); *United States v. Zammit,* 16 M.J. 330 (C.M.A.1983). In view of the evidence reflecting the emotional state of the victim shortly after the alleged incident and her specific assertion that appellant had touched her between the legs, we are satisfied that the trier of fact had a sufficient basis for finding appellant guilty of the alleged offense.

The decision of the United States Army Court of Military Review is affirmed.

Chief Judge EVERETT and Judge SULLIVAN concur.