**UNITED STATES, Appellee,**

v.

**Staff Sergeant Clifford A. BROWN, 349–38–2272, United States Army, Appellant.**

**ACMR 8700669.**

U.S. Army Court of Military Review.

24 Feb. 1988.

For Appellant: Major Russell S. Estey, JAGC, Major Eric T. Franzen, JAGC, Captain Keith W. Sickendick, JAGC (on brief).

For Appellee: Colonel Norman G. Cooper, JAGC, Lieutenant Colonel Gary F. Roberson, JAGC, Captain Carlton L. Jackson, JAGC, Captain Donald W. Hitzeman, JAGC (on brief).

Before COKER, KENNETT, and ROBBLEE, Appellate Military Judges.

**868**

## OPINION OF THE COURT

COKER, Senior Judge:

Contrary to his pleas, appellant was convicted by a general court-martial composed of officer and enlisted members of assault and battery of his three-year-old son and six-year-old daughter during the period of July 1985 through June 1986. His sentence of a bad-conduct discharge and confinement for three months was approved by the convening authority. He alleges before this court, both personally and through counsel, that the statements of his wife and children were admitted contrary to his right of confrontation under the Sixth Amendment, United States Constitution. We disagree.

Appellant's wife, Mrs. Brown, made statements describing the assaults and identifying appellant as the perpetrator. She made oral statements to a social services assistant, a treating physician, and an agent of the Criminal Investigation Division (CID), and provided a sworn, written statement to the CID. Appellant's daughter described being assaulted by her father to the social services assistant, an examining physician, the CID agent, and a school nurse. The son identified his father as the perpetrator to the CID agent. These statements were admitted under Manual for Courts–Martial, United States, 1984, Mil.R.Evid. [hereinafter Mil.R.Evid.] 803(24) and 804(b)(5), the residual hearsay exceptions. In addition, those statements made to medical personnel were admitted under Mil.R.Evid. 803(4) as to the injury, but not as to the identity of the perpetrator.

■ Appellant recognizes that his wife and children were not available as witnesses before the court. He argues initially that their unavailability was caused by the misconduct of the trial counsel and therefore the government should be barred from using their otherwise hearsay statements at trial based on their unavailability. The defense argument is based on several oral and written statements by Mrs. Brown that the trial counsel threatened to have her children taken from her. These statements were made after she departed Europe with the children. After an extensive evidentiary hearing, the trial judge found that the trial counsel had not caused the unavailability of the witnesses and had not engaged in any improper conduct in dealing with the witnesses. His findings are supported fully by the evidence of record. Thus appellant's argument with respect to this matter has no merit.

■ The military judge further found circumstantial guarantees of trustworthiness for the statements. All of Mrs. Brown's statements were consistent, and one was given under oath. Her first statement was given under circumstances that could have justified its admission into evidence as an excited utterance under Mil.R. Evid. 803(2). Her statements are corroborated by other evidence of record such as the medical testimony describing the injuries. Of particular note is the absence of any recantation, even in her statements concerning the conduct of the trial counsel. The children's statements were similarly corroborated. All of the statements were found to be material, probative, and in the interests of justice. This court has determined that the evidence fully supports the findings of fact and the admission of the statements into evidence. *United States v. Dunlap*, 25 M.J. 89 (C.M.A.1987).

■ This court is concerned with the refusal of the military judge to accept the identity of the perpetrator of the assaults as part of the medical diagnosis and treatment. Mil.R.Evid. 803(4). The apparent basis of his ruling was that identity of the perpetrator of an assault is not reasonably pertinent to diagnosis or treatment of the assault. *But see United States v. Deland*, 22 M.J. 70 (C.M.A.1986).

Innumerable case histories in the medical profession conclude that "an abused child becomes an abusing parent." In order to prevent future abuse and break this devastating cycle, many jurisdictions mandate medical personnel, teachers, and others to report suspected child abuse to appropriate officials. *See, e.g.*, Army Regulation 608–1, Personal Affairs: Army Community Service Program, para. 7–5b (15 June 1983)

(C2, 28 Apr. 1986); The Administration of Child, Youth and Families, Child Abuse and Neglect Prevention and Treatment Program, 45 C.F.R. § 1340.14(c) (1986) (limiting funding under Child Abuse Prevention and Treatment Act, 42 U.S.C. §§ 5101 et seq. (1982), to states requiring reporting by specified persons of child abuse); Ill.Rev. Stat. ch. 23, para. 2051 et seq. (1985); Minn. Stat. § 626.556 (1986); R.I.Gen.Laws § 40–11–6 (1984); Tex.Fam.Code § 34.01 (1979). When a child is abused by a parent or other primary care provider, it is obvious that the injury is not merely physical in nature. A competent physician will determine through X-ray or other means whether a child with a severe bruise or cut on the head has other concealed internal injuries. In the same manner, when a child is brought to a physician or other treating medical personnel under circumstances that indicate the injury was due to abuse, proper diagnosis and treatment require identification of the child's assailant. Failure to determine the identity of the perpetrator of an apparent child abuse injury prevents the diagnosis of potentially serious psychological and emotional injury, thereby hindering proper medical treatment and allowing recurrence of abuse. An increasing number of jurisdictions have concluded that the identity of the abuser is important in diagnosing and treating abused children. *State v. Vosika,* 83 Or. App. 298, 731 P.2d 449, 455 (1987); *accord United States v. Renville,* 779 F.2d 430 (8th Cir.1985); *State v. Nelson,* 138 Wis.2d 418, 406 N.W.2d 385 (1987); *State v. Aguallo,* 318 N.C. 590, 350 S.E.2d 76 (1986); *Goldade v. State,* 674 P.2d 721 (Wyo.1983), *cert. denied* 467 U.S. 1253, 104 S.Ct. 3539, 82 L.Ed.2d 844 (1984). *But see People v. Sexton,* 162 Ill.App.3d 607, 114 Ill.Dec. 88, 515 N.E.2d 1359 (1987); *Sluka v. State,* 717 P.2d 394 (Alaska Ct.App. 1986). We concur wholeheartedly with this trend. Both the medical needs of abused children and the interests of justice are well served by permitting admission of identification evidence under Mil.R.Evid. 803(4) in child abuse cases.

The findings of guilty and the sentence are affirmed.

Judge KENNETT and Judge ROBBLEE concur.