THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
MICHAEL LAREMONT, Defendant-Appellant.

Fourth District   No. 4—87—0771

Opinion filed August 18, 1988.

Daniel D. Yuhas and Karen Munoz, both of State Appellate Defender's Office, of Springfield, for appellant.

Greg Roosevelt, State's Attorney, of Lincoln (Kenneth R. Boyle, Robert J. Biderman, and Linda Cullom, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE KNECHT delivered the opinion of the court:

On December 30, 1986, a grand jury charged the defendant, Michael Laremont, with two counts of aggravated criminal sexual abuse of a 12-year-old girl. (Ill. Rev. Stat. 1985, ch. 38, par. 12–16(c)(1).) After a bench trial, the circuit court of Logan County convicted defendant and on October 2, 1987, sentenced him to a period of two years' probation with a condition that he serve 60 days in the county jail. Defendant appeals his conviction and sentence. We affirm.

The complainant in this case, R.M., testified that in February and September of 1986 she was 12 years old and lived with her two sisters, two brothers and parents in Lincoln, Illinois. On February 14, 1986, R.M. said defendant came to her house bringing her and her younger sister, M.M., wristwatches for Valentine's Day. The watch defendant gave to R.M. did not work. Defendant and R.M. drove alone to K mart to exchange it. R.M. testified she noticed that on the way home from the store defendant was taking a peculiar route. When she questioned defendant, he said he knew where he was going. R.M. said defendant stopped the car in a driveway by a Holiday Inn which was not on the way to or near her home. Defendant turned off the car, locked the doors, slid his hand up R.M.'s leg and kissed her with his tongue in her mouth. When R.M. objected, defendant told her it was alright and he kissed her again. Defendant then began to drive R.M. home. R.M. said defendant stopped the car again in an alley where he kissed her a third time, but did not touch

her leg. Defendant told R.M. not to tell anyone what they had done.

R.M. testified she told her younger sister, M.M., about the incident later that day, but did not tell her mother until two days later. R.M. told her mother because she did not want defendant to baby-sit her while she was home from school and her mother was at work.

R.M. told the court that on September 7, 1986, she and her two sisters, M.M. (10 years old) and L.M. (3 years old), were asleep in their bedroom when R.M. felt a hand on her buttocks and felt someone bite her ear. When she turned over and looked up she saw it was defendant who touched her. R.M. said the door was shut, but light came through the window and the hole in the door where the doorknob had broken off. R.M. could see defendant sitting on the bed with his shorts and underwear pulled down around his knees so that his penis was exposed. R.M. said defendant tried to lie on her and "fit his private on my private," but stopped when M.M. awoke and started screaming. Defendant just barely touched R.M.'s stomach with his penis. When M.M. grabbed a book and told defendant she would hit him if he did not get off R.M., defendant told both girls to shut up, pulled up his pants and left the room. M.M. and R.M. woke up their mother and told her what had happened.

M.M. testified she was sleeping with her sisters in their bedroom on September 7, 1986, when she was awakened by R.M., who was shaking the bed. M.M. said defendant was standing by the bed with his pants down around his knees. M.M. saw defendant sit down on the bed and put his "private" on R.M. M.M. said she threatened to hit defendant with a book if he did not get off her sister. When defendant left the room, R.M. said he had bitten her on the ear.

The victim's mother, Cheryl Cook (Mrs. Cook), testified that two days after Valentine's Day, R.M. indicated that on the way home from exchanging a wristwatch defendant had given her, defendant had kissed her with his tongue in her mouth and touched her on the upper thigh. Mrs. Cook related this to her husband Richard and they confronted defendant. The police were not contacted because the couple thought they could handle the matter themselves. Mrs. Cook said defendant was a friend and Richard and defendant played basketball frequently.

Mrs. Cook testified defendant came over to watch a movie on the evening of September 7, 1986. She went to bed at 9:30 or 10 p.m. but was awakened by R.M. and M.M. around 2:30 or 3 a.m. the next morning. Mrs. Cook testified the girls were crying and upset. R.M. told her mother defendant had been in her bedroom, had his pants down and tried to get on top of her. R.M. also complained defendant

bit her ear and pushed her down on the floor. M.M. told Mrs. Cook her version of the incident.

John Cook, a county detective, testified he interviewed defendant on September 16, 1986, about his contact with R.M. on February 14, 1986. Defendant told the officer he gave R.M. a friendly kiss on the way home from exchanging a birthday gift he had bought her. He denied putting his tongue in her mouth or touching her in any other way that day or on September 7, 1986.

Defendant, age 31, testified that on February 14, 1986, he took R.M. to K mart to exchange a watch he had given R.M. as a gift. Defendant said that on the way home he stopped at a stop sign and asked R.M. if she liked the watch. She said yes and he said, "[W]hy don't you give me some sugar right here on the cheek?" R.M. kissed him on the cheek and he took her home. He denied locking the car doors, touching her on the leg or kissing her with his tongue in her mouth. Defendant also denied telling Officer Cook he had kissed R.M. and he denied the September 7 allegation altogether.

Defendant initially argues his conviction for aggravated criminal sexual abuse as charged in count I must be vacated. Count I of the indictment alleged that on February 14, 1986, defendant, who was 17 years of age or over, committed an act of sexual conduct with the victim, R.M., who was under the age of 13, in that he touched her leg and kissed her for the purpose of his sexual arousal and gratification. Count II alleged that on September 7, 1986, defendant committed a second act of sexual conduct with R.M., in that he touched her vagina and bit her ear for the purpose of his sexual arousal and gratification.

The statute under which defendant was charged provides:

"(c) The accused commits aggravated criminal sexual abuse if:

(1) the accused was 17 years of age or over and commits an act of sexual conduct with a victim who was under 13 years of age when the act was committed." (Ill. Rev. Stat. 1985, ch. 38, par. 12—16(c)(1).)

Sexual conduct is defined as follows:

" 'Sexual conduct' means any intentional or knowing touching or fondling by the victim or the accused, either directly or through clothing, of the sex organs, anus or breast of the victim or the accused, or any part of the body of a child under 13 years of age, for the purpose of sexual gratification or arousal of the victim or the accused." Ill. Rev. Stat. 1985, ch. 38, par. 12—12(e).

Defendant argues the alleged acts of touching R.M.'s leg and kissing her on February 14, 1986, would not have constituted sexual conduct but for the fact R.M. was under the age of 13. Defendant maintains R.M.'s age alone elevated the offense from a Class A misdemeanor (criminal sexual abuse (Ill. Rev. Stat. 1985, ch. 38, par. 12—15)) to a Class 2 felony (aggravated criminal sexual abuse (Ill. Rev. Stat. 1985, ch. 38, par. 12—16)), so as to constitute impermissible double enhancement. Defendant asks count I be vacated and he be resentenced on count II. Defendant's argument on this point is without merit for several reasons.

■ First, defendant's argument was not presented to the trial court. Issues raised for the first time on appeal are normally waived and are not considered by the appellate court. *Moehle v. Chrysler Motors Corp.* (1982), 93 Ill. 2d 299, 443 N.E.2d 575.

■ Second, even if we considered the merits of this argument, we could find no basis for resentencing. In *People v. Haron* (1981), 85 Ill. 2d 261, 422 N.E.2d 627, the supreme court held the presence of a weapon cannot enhance an offense from a misdemeanor battery to a felony aggravated battery and also serve as the basis for a charge of armed violence. If the offense was committed unarmed it would have been a misdemeanor. Possession of a weapon should not doubly enhance the severity of a sentence.

Double enhancement is not present here. The victim's age did not elevate the seriousness of the offense as complained because there was no statute to serve as a basis for the enhancement. The only part of the criminal sexual abuse statute which parallels the conduct complained of here would not apply because of the ages of the defendant and the victim. Since defendant is over 17 years of age, he could not have been charged with the misdemeanor offense of criminal sexual abuse based on sexual conduct because the victim was not at least 13 years old. (Ill. Rev. Stat. 1985, ch. 38, par. 12—15.) The statute governing the offense of aggravated criminal sexual abuse is the only section of the Criminal Code of 1961 which applies to a defendant and victim with the particular age differential before us. Simply put, there is no offense to be enhanced.

■ Finally, it is the legislature's duty to examine the needs of society and accordingly declare and define the conduct which constitutes a crime. (*People v. Steppan* (1985), 105 Ill. 2d 310, 473 N.E.2d 1300.) The legislature has declared the intentional touching of a child under 13 years of age by a person age 17 or over for the purpose of sexual gratification or arousal constitutes felonious conduct and is not merely a misdemeanor. This decision reflects on a choice and

cannot be characterized as legislative oversight. We will not interfere with the result.

Next, defendant complains the testimony of Mrs. Cook, R.M.'s mother, exceeded the bounds of the corroborative complaint exception to the hearsay rule. (Ill. Rev. Stat. 1985, ch. 38, par. 115—10.) In 1985, the Code of Criminal Procedure of 1963 (Code) provided:

> "In a prosecution for a sexual act perpetrated upon a child under the age of 13, including but not limited to prosecutions for violations of Sections 12—13 through 12—16 of the Criminal Code of 1961, the following evidence shall be admitted as an exception to the hearsay rule:
>
> (1) testimony by such child that he or she complained of such act to another; and
>
> (2) testimony by the person to whom the child complained that such complaint was made in order to corroborate the child's testimony." Ill. Rev. Stat. 1985, ch. 38, par. 115—10.

■ The statute was originally drafted so that a person who hears a child's complaint of sexual abuse is allowed to give corroborating testimony of the fact a complaint was made. (*People v. Leamons* (1984), 127 Ill. App. 3d 1056, 469 N.E.2d 1137.) Testimony by a mother recounting the details of her child's complaint has been deemed inadmissible. However, this court has acknowledged such testimony must necessarily include *some* detail to effectively corroborate the fact that a complaint was actually made. *People v. Powell* (1985), 138 Ill. App. 3d 150, 485 N.E.2d 560.

The level of detail allowed under the 1985 version of the statute is that which describes the conduct which was the offense and no more. (*Powell*, 138 Ill. App. 3d at 159, 485 N.E.2d at 565-66.) Technically it is error to identify the defendant or give a detailed recitation of the complaint. (*People v. Sexton* (1987), 162 Ill. App. 3d 607, 515 N.E.2d 1359.) However, the admission of identification testimony or impermissible detail has been considered harmless when it is corroborated by the testimony of the victim or any other competent evidence and the victim is in court and subject to cross-examination. *Leamons*, 127 Ill. App. 3d at 1069, 469 N.E.2d at 1146; *Powell*, 138 Ill. App. 3d at 159, 485 N.E.2d at 566; *People v. Server* (1986), 148 Ill. App. 3d 888, 900, 499 N.E.2d 1019, 1027-28, *cert. denied* (1987), ____ U.S. ____, 98 L. Ed. 2d 88, 108 S. Ct. 131.

■ We find Mrs. Cook's testimony relating her daughter's description of defendant's conduct which constituted aggravated criminal sexual abuse was within the corroborative complaint provisions of the Code. Although her testimony should not have described the

identity of the accused as to either acts, the admission of that portion of Mrs. Cook's testimony was harmless since all of the facts comprising the complaint were also established through the complainant's testimony and that of her sister. Both girls were present in court and available for cross-examination. Although the identity of defendant was not an issue at trial, the testimony of R.M. and M.M. clearly established that defendant was the perpetrator of the sexual conduct complained of.

In this case, the error in allowing Mrs. Cook's impermissible testimony did not prejudice defendant's case, especially since identification was not at issue. We note, however, that corroboration is the core of the State's case against a defendant charged with a sex offense involving a child. The court must abide by the rigid requirements of the corroborative complaint exception to the hearsay rule or there is a risk the child's testimony will be inappropriately bolstered, rather than the complaint merely corroborated. We note an increasing number of cases where the testimony of a witness to whom a complaint is made goes beyond the bounds of the statute. Often, such inadmissible details have been ruled harmless error. We do not want prior rulings or this decision to be taken as license for prosecutors to seek detail from such witnesses. We can envision situations where such detail will prejudice the defendant and require reversal. (See *Sexton*, 162 Ill. App. 3d at 617-18, 515 N.E.2d at 1366-67.) We invite both trial counsel and trial judges to closely adhere to the statutory exception and its purpose.

We affirm the judgment of the circuit court of Logan County.

Affirmed.

McCULLOUGH and SPITZ, JJ., concur.