198 Ill. App.3d 417 (1990)
555 N.E.2d 1122
THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee,
v.
JAMES THOMPSON, Defendant-Appellant.
No. 5-88-0670.
Illinois Appellate Court  Fifth District.
Opinion filed May 18, 1990.
*418 Daniel M. Kirwan and E. Joyce Randolph, both of State Appellate Defender's Office, of Mt. Vernon, for appellant.
John Baricevic, State's Attorney, of Belleville (Kenneth R. Boyle, Stephen E. Norris, and Raymond F. Buckley, Jr., all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.
Judgment affirmed.
JUSTICE RARICK delivered the opinion of the court:
Defendant, James Thompson, was convicted after a bench trial of aggravated criminal sexual assault and sentenced to eight years' imprisonment by the circuit court of St. Clair County. Defendant appeals his conviction. We affirm.
Sometime around April 2, 1988, just before Easter, defendant baby-sat the victim, M.L., then six years old, and several other children at M.L.'s home while the children's parents went out Easter shopping. During the course of the evening, M.L. and another child nicknamed "Little Ape" took a bath. According to M.L., defendant came in while she was undressed and touched her "cootchy-cat" with his "ding-a-ling." She indicated her "cootchy-cat" was what she used to "go potty" and "ding-a-ling" was what defendant used to "go potty." M.L. further stated defendant also put his "ding-a-ling" in her mouth. A week or two later, M.L. overheard her parents and grandfather discussing the fact that "Little Ape" had been "raped." M.L. started screaming and ran to her room. Her grandfather went back to talk to her whereupon M.L. told him defendant had hurt her too and how he had hurt her. Her parents immediately took her to the hospital. The medical exam revealed an extreme amount of redness, irritation and swelling of M.L.'s external genitalia, an enlargement of the entrance to her vagina, and injury to the hymenal ring, all consistent with an injury caused by a rounded object. In the doctor's opinion, M.L. had been sexually abused. The doctor also noticed a discharge from the vaginal area which he believed to be an indication of gonorrhea. The test results, however, came back negative.
Defendant testified he did baby-sit the children that evening, and the children did take baths during most of this time. While he helped them dry off, he denied that at any time he sexually assaulted M.L. or *419 any of the other children. His test results for gonorrhea also came back negative.
The trial court ruled M.L.'s testimony contained many inconsistencies and therefore was neither clear nor convincing, but gave no indication as to what those inconsistencies were. The court, however, did find the victim's testimony to be substantially corroborated by her complaints to others, and accordingly adjudged defendant guilty.
Defendant first argues on appeal he was not proven guilty of aggravated criminal sexual assault beyond a reasonable doubt when the victim's testimony was neither clear and convincing nor substantially corroborated.
 1, 2 Our courts consistently have held that a conviction for aggravated criminal sexual assault or abuse will be upheld when there is either some corroboration of the testimony of the complaining witness or the testimony is otherwise clear and convincing. (See, e.g., People v. Tannahill (1987), 152 Ill. App.3d 882, 885, 504 N.E.2d 1283, 1285; People v. Server (1986), 148 Ill. App.3d 888, 894, 499 N.E.2d 1019, 1024; see also People v. Findlay (1988), 177 Ill. App.3d 903, 910-11, 532 N.E.2d 1035, 1040.) As a result, such a conviction will not be reversed unless the evidence is so unsatisfactory or improbable that a reasonable doubt as to the defendant's guilt remains. (See, e.g., Tannahill, 152 Ill. App.3d at 885, 504 N.E.2d at 1285; Server, 148 Ill. App.3d at 895, 499 N.E.2d at 1024.) We note, however, it is not necessary that the testimony of the complaining witness be crystal clear and perfect in order to be deemed clear and convincing. Any inconsistencies in or problems with the testimony in such instances merely presents a question of credibility for the trier of fact. (E.g., People v. Goebel (1987), 161 Ill. App.3d 113, 124, 514 N.E.2d 60, 66; People v. Powell (1985), 138 Ill. App.3d 150, 156, 485 N.E.2d 560, 564.) On the other hand, when the complaining witness' testimony is not clear and convincing, our courts have held that the testimony must be substantially corroborated by some other factual evidence or circumstances such as a confession, an eyewitness account, "prompt" reporting of the incident by the victim or medical testimony supporting allegations of abuse. See, e.g., Server, 148 Ill. App.3d at 895, 499 N.E.2d at 1024; People v. Leamons (1984), 127 Ill. App.3d 1056, 1067, 469 N.E.2d 1137, 1145.
 3, 4 Defendant contends the victim's testimony, being riddled with inconsistencies and improbabilities, was neither clear nor convincing. While the trial court agreed with defendant on this point, it did find sufficient corroboration in the complaints M.L. made to others to convict defendant of aggravated criminal sexual assault. *420 Defendant argues, however, the reliability of the complaints depended upon the credibility of M.L., whose testimony, as noted above, was neither clear nor convincing. Defendant misses the point. The fact that M.L.'s testimony at trial was unclear or unconvincing does not render her complaints to others unclear and unconvincing. (See People v. Lewis (1986), 147 Ill. App.3d 249, 256-57, 498 N.E.2d 1169, 1175-76; see also People v. Rocha (1989), 191 Ill. App.3d 529, 539, 547 N.E.2d 1335, 1341.) Before allowing such complaints into evidence, the court had to determine their reliability based on the time, content and circumstances under which made. (See Ill. Rev. Stat. 1987, ch. 38, par. 115-10(b)(1).) The circumstances were that M.L. implicated defendant on her own. She was not asked any questions about defendant possibly having molested her; no one even suspected she had been molested. Moreover, she had no motive to make any false accusations. M.L.'s initial complaint was tantamount to a spontaneous declaration rendering it inherently reliable. (See Lewis, 147 Ill. App.3d at 256, 498 N.E.2d at 1175; cf. People v. Jacobs (1977), 51 Ill. App.3d 455, 458, 366 N.E.2d 1064, 1066.) The trial court therefore properly found her complaints admissible. While M.L.'s testimony at trial contained inconsistencies, namely whether the acts occurred in the bathroom or adjoining bedroom or immediately before, after or during her bath, she consistently testified that on the night in April when defendant baby-sat her and the other children in her home, defendant put his penis in her mouth and vagina at a time when she was undressed for a bath. Defendant himself admitted to many factual consistencies in M.L.'s testimony. He certainly had the opportunity to molest M.L. while she was undressed. And, as the State points out, the assault easily could have occurred in both the bedroom and bathroom thereby explaining some of the confusion as to time and place. Whether or not we agree with the trial court's determination that M.L.'s testimony was neither clear nor convincing, the complaints made to others were. Having been deemed reliable, such complaints, coupled with medical evidence of abuse, more than corroborated M.L.'s testimony to sustain defendant's conviction. (See People v. Morton (1989), 188 Ill. App.3d 95, 99, 543 N.E.2d 1366, 1369; see also People v. Krison (1978), 63 Ill. App.3d 531, 535, 380 N.E.2d 449, 452.) We see no error requiring reversal in this instance. The evidence was sufficient to prove defendant guilty beyond a reasonable doubt. See Server, 148 Ill. App.3d at 895, 499 N.E.2d at 1024; cf. Findlay, 177 Ill. App.3d at 914-15, 532 N.E.2d at 1043.
Defendant also argues on appeal the trial court committed reversible error, however, in considering impermissible details of M.L.'s corroborative *421 complaints, namely the identity of the person who allegedly assaulted her. Defendant believes such error was particularly prejudicial here because M.L.'s testimony was neither clear nor convincing. While defendant's position may have had some merit under earlier case law (see, e.g., People v. Sexton (1987), 162 Ill. App.3d 607, 616-17, 515 N.E.2d 1359, 1366-67; People v. Salas (1985), 138 Ill. App.3d 48, 54-55, 485 N.E.2d 596, 601), a recent amendment to section 115-10 of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1987, ch. 38, par. 115-10) all but obviates defendant's objections. See Rocha, 191 Ill. App.3d at 535-36, 547 N.E.2d at 1339.
 5 Prior to the passage of section 115-10 of the Code of Criminal Procedure of 1963, Illinois law largely limited testimony concerning corroborative complaints to rape cases and to the fact that a complaint was made. (Leamons, 127 Ill. App.3d at 1068, 469 N.E.2d at 1146; see also Morton, 188 Ill. App.3d at 100, 543 N.E.2d at 1369.) Section 115-10 was enacted to extend this common-law corroborative-complaint doctrine to complaints of young victims of sexual offenses other than rape. (See Ill. Rev. Stat. 1983, ch. 38, par. 115-10; see also Morton, 188 Ill. App.3d at 100-01, 543 N.E.2d at 1370.) Having stemmed from the common-law doctrine, however, our courts initially held that portions of the complaints which gave details of the offense or identified the offender were inadmissible. (Server, 148 Ill. App.3d at 900, 499 N.E.2d at 1027; Leamons, 127 Ill. App.3d at 1068, 469 N.E.2d at 1146; see also Morton, 188 Ill. App.3d at 100-01, 543 N.E.2d at 1370.) Courts soon recognized, in order to effectively corroborate the fact that a complaint was made, the testimony pertaining to the complaint necessarily had to include some detail. (See People v. Deal (1989), 185 Ill. App.3d 332, 339, 541 N.E.2d 695, 700; People v. Branch (1987), 158 Ill. App.3d 338, 341, 511 N.E.2d 872, 874; Powell, 138 Ill. App.3d at 159, 485 N.E.2d at 565-66.) Eventually, any error in the admission of unnecessary or impermissible detail, such as the identification of the accused, was held to be harmless when substantially corroborated by the testimony of the child victim or other pertinent evidence and the defense had the opportunity to cross-examine the victim who made the complaint. (Morton, 188 Ill. App.3d at 101, 543 N.E.2d at 1370; Server, 148 Ill. App.3d at 900, 499 N.E.2d at 1027-28; Leamons, 127 Ill. App.3d at 1068-69, 469 N.E.2d at 1146; see also People v. Laremont (1988), 174 Ill. App.3d 201, 206, 528 N.E.2d 249, 252-53; Branch, 158 Ill. App.3d at 341, 511 N.E.2d at 874; Powell, 138 Ill. App.3d at 159, 485 N.E.2d at 566; cf. People v. Bradley (1988), 172 Ill. App.3d 545, 549-50, 526 N.E.2d 916, 920.) Effective January 1, 1988, the legislature amended *422 section 115-10 specifically to provide for the admission of testimony about an out-of-court statement describing a complaint of an act of molestation or "detail pertaining to any act which is an element of an offense which is the subject of a prosecution for a sexual act perpetrated upon a child." (Ill. Rev. Stat. 1987, ch. 38, par. 115-10(a)(2).) This amended version now permits hearsay testimony concerning details of the offense beyond the mere fact that a complaint was made, including the identity of the accused. (Morton, 188 Ill. App.3d at 102-03, 543 N.E.2d at 1371; People v. Kelly (1989), 185 Ill. App.3d 43, 49, 540 N.E.2d 1125, 1129; see also People v. Rushing (1989), 192 Ill. App.3d 444, 450-51, 548 N.E.2d 788, 792.) As the court in Morton stated, "[c]learly, an identification of the perpetrator of an `act' is a `detail pertaining' to that act." (Morton, 188 Ill. App.3d at 103, 543 N.E.2d at 1371.) Because section 115-10 provides for safeguards of reliability prior to the admission of such out-of-court statements (see Ill. Rev. Stat. 1987, ch. 38, par 115-10(b); Rushing, 192 Ill. App.3d at 451, 548 N.E.2d at 792), we find no error in the trial court's considering the details of M.L.'s corroborative complaints, including the identity of the accused, as substantive evidence.
For the aforementioned reasons, we affirm the judgment of the circuit court of St. Clair County.
Affirmed.
WELCH and CHAPMAN, JJ., concur.