THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. MARION JAMES FAILOR, Defendant-Appellant.

Fourth District    No. 4—93—1101

Argued April 18, 1995.—Opinion filed April 27, 1995.

Daniel D. Yuhas and John M. McCarthy (argued), both of State Appellate Defender's Office, of Springfield, for appellant.

Scott H. Walden, State's Attorney, of Quincy (Norbert J. Goetten, Robert J. Biderman, and Denise M. Ambrose (argued), all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE STEIGMANN delivered the opinion of the court:

In November 1993, a jury convicted defendant, Marion J. Failor, of two counts of aggravated criminal sexual assault. (720 ILCS 5/12—14(b)(1) (West 1992).) The trial court later sentenced him to concurrent terms of imprisonment of 10 years on count I and 12 years on count II. On appeal, defendant argues that the trial court erred in (1) refusing to define "reasonable doubt" after a request to do so by a juror, and (2) admitting evidence of prior sexual acts between defendant and his daughter which took place outside the trial court's jurisdiction.

We disagree and affirm.

## I. BACKGROUND

Defendant's daughter, D.F., was almost 15 years old at the time of trial and less than 13 years old when the charged conduct occurred. She testified at trial to the following events. Defendant had sexual contact with her since she was eight years old, beginning as touching and escalating to intercourse when she was 10 or 11 years old. The contact initially occurred in Missouri, where D.F. lived with her mother and defendant, and continued when they moved to Quincy and then to Lorraine, Illinois. Defendant and D.F.'s mother separated in April 1989, and defendant moved back to Quincy. D.F. visited defendant every other weekend, where the assaults continued until she stopped visiting him in 1991.

During jury deliberations, a juror sent out a note asking the trial court to define the term "beyond a reasonable doubt." The prosecutor asked the court to respond that the jury should decide for itself what reasonable doubt meant. Defendant's attorney did not object, but simply stated that he would "go with that and whatever the [c]ourt decides to tell the jury." The court stated that it was inclined to refuse the juror's request and to instruct the jury to read the instructions of law previously given and continue its deliberations. The court then stated that it would be "more specific about the reasonable doubt issue, if both parties have some agreement." The prosecutor stated that merely instructing the jury to continue its deliberations might confuse the jurors. Instead, she asked the court to instruct the jurors that it was their job to determine what reasonable doubt meant. Defendant's attorney responded, "I completely agree with that, too. Whatever they decide reasonable doubt is, is what it is. I don't know if that's going to help them." The court told the parties that it would respond to the juror's request as follows: "[t]he above matter is for the jury to determine. Please review all of your instructions as previously given and continue with your deliberations." Both attorneys approved the response.

## II. ANALYSIS

### A. *Refusal To Define Reasonable Doubt*

Defendant first argues that the trial court erred by refusing to instruct the jury on the definition of reasonable doubt. Defendant concedes that he failed to preserve this issue at trial but maintains that this court should nevertheless consider the issue under the plain error doctrine. However, application of the plain error doctrine presupposes an error, and we hold that no error occurred in this case.

■ The Supreme Court of Illinois has consistently held that neither the trial court nor counsel should define reasonable doubt for the jury. (*People v. Speight* (1992), 153 Ill. 2d 365, 374, 606 N.E.2d 1174, 1177; *People v. Cagle* (1969), 41 Ill. 2d 528, 536, 244 N.E.2d 200, 204; *People v. Malmenato* (1958), 14 Ill. 2d 52, 61, 150 N.E.2d 806, 811; *People v. Moses* (1919), 288 Ill. 281, 285, 123 N.E. 634, 636.) Following the supreme court's clear mandate, the Illinois Pattern Jury Instructions, Criminal, provides no instruction defining reasonable doubt, indicating that none should be given. Illinois Pattern Jury Instructions, Criminal, No. 2.05 (3d ed. 1992).

■ Defendant argues that Illinois courts should reassess their position on defining reasonable doubt in light of the recent United States Supreme Court decisions in *Sullivan v. Louisiana* (1993), 508

U.S. 275, 124 L. Ed. 2d 182, 113 S. Ct. 2078, and *Victor v. Nebraska* (1994), 511 U.S. 1, 127 L. Ed. 2d 583, 114 S. Ct. 1239. However, neither of these cases holds that a trial court must define reasonable doubt upon request by the jury. They simply stand for the proposition that the Federal Constitution does not prohibit a trial court from defining reasonable doubt. In fact, Justice O'Connor prefaced the *Victor* opinion as follows:

> "The beyond a reasonable doubt standard is a requirement of due process, but the Constitution neither prohibits trial courts from defining reasonable doubt *nor requires them to do so as a matter of course.*" (Emphasis added.) *Victor*, 511 U.S. at 5, 127 L. Ed. 2d at 590, 114 S. Ct. at 1243.

The law in Illinois on this subject is clear, and we decline defendant's invitation to disregard it. We also express serious doubt that the Supreme Court of Illinois would overrule its well-established—and sound—precedent. Accordingly, we conclude that the trial court properly refused to define reasonable doubt.

### B. *Evidence of Prior Sexual Acts*

■ Defendant also argues that the trial court erred in admitting evidence of prior sexual acts between himself and D.F. which occurred outside the trial court's jurisdiction. We disagree. Defendant claims that this evidence was improper because "[a]llegations of sexual misconduct are easily made, hard to be proved, and harder to be defended by the party accused." (See *People v. Nunes* (1964), 30 Ill. 2d 143, 146, 195 N.E.2d 706, 707.) However, the supreme court has specifically rejected this standard as archaic and sexist. *People v. Schott* (1991), 145 Ill. 2d 188, 202, 582 N.E.2d 690, 696; see also *People v. Roy* (1990), 201 Ill. App. 3d 166, 185, 558 N.E.2d 1208, 1221.

■ In sex offense cases involving child victims, evidence of prior sexual acts between the defendant and the child victim is admissible to show intent, design, course of conduct, the intimate relationship between the parties, or to corroborate the victim's testimony regarding the charged offense. (*People v. Wilson* (1993), 246 Ill. App. 3d 311, 320, 615 N.E.2d 1283, 1288; *People v. Overlin* (1993), 241 Ill. App. 3d 530, 537, 608 N.E.2d 925, 929.) This evidence is admissible even though an issue does not exist about whether the parties had a continuing relationship or knew each other. (*People v. Cregar* (1988), 172 Ill. App. 3d 807, 822, 526 N.E.2d 1376, 1386; *People v. Arbuckle* (1979), 75 Ill. App. 3d 826, 836, 393 N.E.2d 1296, 1303.) Furthermore, such evidence is admissible even though the alleged acts occurred outside the trial court's jurisdiction. (*People v. Demeron* (1987), 153 Ill. App. 3d 440, 444, 505 N.E.2d 1222, 1224-25.) Therefore, we hold

that the trial court properly admitted the evidence of previous sexual acts between defendant and D.F. which occurred outside the trial court's jurisdiction.

## III. CONCLUSION

For the reasons stated, we affirm the trial court's judgment.

Affirmed.

KNECHT, P.J., and GREEN, J., concur.